UNITED STATES

v.

**Staff Sergeant Mitchell R. CLEVE-LAND, Fr 346–54–0492, United States Air Force.**

**ACM 26835.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 Feb. 1988.

Decided 23 Sept. 1988.

Appellate Counsel for the appellant: Colonel Leo L. Sergi and Major Deborah A. Baker.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel

Robert E. Giovagnoni and Captain Jeffrey H. Curtis.

Before FORAY, MICHALSKI and MURDOCK Appellate Military Judges.

## DECISION

MURDOCK, Judge:

This case illustrates how rebuttal evidence can be used to explain, rather than repel, counteract or disprove, testimony of the opposing side. The appellant was found guilty, pursuant to his pleas, of stealing more than $3,000 by falsely claiming he was geographically separated from his wife while he was stationed in Italy. In fact his wife was living with him and not, as he claimed, with his parents in Illinois. A court composed of members sentenced him to a bad conduct discharge, confinement for one year, and reduction to airman basic. The appellant now asserts, as he did at trial, that certain information the government introduced after his unsworn statement was not proper rebuttal and should have been excluded. We disagree.

In his unsworn statement the appellant stated:

Although I have not been perfect, I feel that I have served well and would like an opportunity to remain in the service, regain the trust and respect of my co-workers and supervisors.

Keying on the phrase "I feel that I have served well", the trial counsel introduced rebuttal evidence. This evidence consisted of an old nonjudicial punishment for writing bad checks and testimony of the appellant's commander. The commander testified that she did not consider that the appellant had served well because he had received a letter of reprimand in 1979 for misplacing government property, and had lost his driving privileges for failure to pay his insurance premiums and written more than $1000 worth of bad checks during his current assignment.

Defense objected that this was not proper rebuttal. The defense counsel's main point was that since the appellant had been careful to say "I have not been perfect" he kept the door closed to an attempt to show any defects when he stated, "I have served well". After hearing argument on the issue the trial judge overruled the objection and allowed the testimony. Now the appellant asks us to hold that the judge was wrong in so ruling. We decline.

The time-tested explanation of the function of rebuttal evidence is that such evidence is to explain, repel, counteract or disprove the evidence introduced by the opposing party. *United States v. Wirth,* 18 M.J. 214 (C.M.A.1984); *United States v. Shaw,* 9 U.S.C.M.A. 267, 26 C.M.R. 47 (1958); *Shepard v. United States,* 64 F.2d 641 (10th Cir.1933). Many cases have discussed rebuttal evidence, but most of them apply the "repel, counteract or disprove" functions. Very few, if any, cases have discussed the "explain" function.

Appellate defense counsel carefully excised the word "explain" when she quoted the definition of rebuttal found in *Wirth* cited above. When she did that she highlighted the reason the evidence is admissible. The evidence explains more fully something the appellant said at trial. When the appellant stated that he felt "he had served well", he put the nature of his service in issue. Once this occurred, the government was entitled to explain what the appellant meant by saying "I have not been perfect". It is too glib to say that merely throwing in the words "I may not have been perfect" will prevent the prosecution from demonstrating what the appellant means by those words. Were we to hold otherwise the "not perfect" phrase could prevent a wide range of relevant information from being introduced. That would be a disservice to the sentencing authorities and the criminal justice system.

There is also a more traditional analysis of why the information is admissible. If the analysis keys on the words "I have served well", the information is admissible as tending to repel, counteract, or disprove his assertion that he served well. The result is the same no matter which analytical route one takes. We refuse to condone a procedure where merely inserting a few

magic words about not being perfect will block rebuttal of the rest of the statement.

The military judge was correct in allowing the government to introduce rebuttal evidence even when the appellant had admitted that he had not always been "perfect" in the past. The appellant's assertion of error is without merit.

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge FORAY and Judge Michalski concur.