**UNITED STATES**

v.

**Second Lieutenant Dwight E. HODGE, 245–15–6467 FV, United States Air Force.**

**ACM 27466.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 Dec. 1988.

Decided 21 June 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni; Major Terry M. Petrie and Major Scott W. Stucky, USAFR.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

DECISION

MURDOCK, Judge:

A general court-martial consisting of members found the appellant guilty, pursuant to his pleas, of three specifications of fraternization and one specification of adultery. The specifications are based on his misconduct with a female airman assigned to his section in the civil engineering squadron, and for whom he was the reporting official. His approved sentence was a dis-

missal, four months confinement, and total forfeitures. He now invites our attention to the government's rebuttal case and asserts that the trial judge erred by allowing the base commander's testimony in rebuttal. We find no error, and affirm.

After the defense rested, the trial counsel notified the trial judge that he intended to call the base commander, in rebuttal, to allow him to explain the circumstances surrounding his signing two letters which had been introduced as defense exhibits. One letter was sent to congratulate the appellant on having been selected as Air Base Group Officer of the Quarter. The other letter was sent to the wing commander nominating the appellant for the Lance P. Sijan USAF Leadership Award. The base commander signed both letters during the time covered by the specifications. The trial judge overruled the defense objection, and allowed the base commander to testify about the letters. In essence, he testified that he would not have signed them if he had known of the offenses at the time.

The trial counsel asked the base commander how he viewed the relationship between the accused and his subordinate. The commander answered, "I see it as unacceptable. We can't have it.... The impact that that kind of relationship has in the unit if it becomes known, which, I think, inevitably always will become known, is devastating to morale."

Appellate defense counsel now states that "this is impermissible evidence as rebuttal, [citations omitted]. This testimony interjects new evidence; that these acts were 'devastating to morale.' Coming from the base commander, this evidence was much more devastating than mere rebuttal."

■ We know of no rule which requires rebuttal evidence to be lukewarm. In fact, the proponent of rebuttal evidence has a right to hope that it will be devastating. That is what it is supposed to be.

■ The Court of Military Appeals discussed the trial counsel's "duty of prosecuting a case" more than thirty years ago. The Court stated that a prosecutor is "per-

mitted to comment earnestly and forcefully on the evidence, as well as on any inferences which are supported reasonably by the testimony. He may strike hard blows, but they must be fair." *United States v. Doctor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956). Although this passage has generally been associated with arguments of trial counsel, the same principle of forceful fairness surely guides overall conduct of the prosecution, including presentation of rebuttal evidence.

■ In our view, the base commander's statements were directly related to explaining items of evidence the defense had already introduced. Explaining evidence is a recognized purpose of rebuttal. *United States v. Wirth*, 18 M.J. 214 (C.M.A.1984); *United States v. Cleveland*, 27 M.J. 530 (A.F.C.M.R.1988), *petition granted* 28 M.J. 164 (C.M.A.1989). He stated his position forcefully and well. There was no error.

We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.