**UNITED STATES, Appellee,**

v.

**Mitchell R. CLEVELAND, Staff Sergeant, U.S. Air Force, Appellant.**

**No. 61,577.**
**ACM 26835.**

U.S. Court of Military Appeals.

Jan. 19, 1990.

For Appellant: *Major George P. Clark* (argued); *Colonel Richard F. O'Hair* and *Captain William E. Boyle* (on brief).

For Appellee: *Captain David G. Nix* (argued); *Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Jeffrey H. Curtis* (on brief); *Major Terry M. Petrie.*

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant was tried by a general court-martial with members at San Vito dei Normanni Air Station, Italy; and pursuant to his pleas, he was found guilty of stealing $3,337.89 from the United States, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921.[1] The sentence adjudged was a bad-conduct discharge, 1 year's confinement, and reduction to E–1. After the sentence had been approved by the convening authority, the Court of Military Review affirmed the findings and sentence. 27 MJ 530 (1988).

In the supplement to his petition for grant of review, appellant questioned whether the military judge erred by admitting certain rebuttal evidence "to appellant's unsworn sentencing statement." We did not grant review of the assigned issue but instead granted review of a specified issue.[2] We now conclude that Cleveland was prejudiced by the error on which he originally relied and which was dealt with during oral argument, so it is unnecessary to deal with the specified issue.[3]

---

1. A charge with two specifications alleging presentation of false claims against the United States, in violation of Article 132, UCMJ, 10 USC § 932, was dismissed after arraignment but prior to pleas.

2. WHETHER UNDER THE CIRCUMSTANCES OF THIS CASE APPELLANT'S PERSONNEL FILE SHOULD HAVE BEEN CONSIDERED A COURT EXHIBIT FOR THE PURPOSES OF ALLOWING EITHER PARTY TO THE TRIAL TO INTRODUCE EVIDENCE WHICH WOULD CONTRADICT, EXPLAIN, OR OTHERWISE REBUT THE CONTENTS.

3. Both appellant and the Government agree that the specified issue should be answered in the negative.

I

After sentencing proceedings had begun, trial counsel presented personal data concerning Cleveland; announced that "[t]here's no evidence of previous convictions or Article 15s to present to the court"; and then offered in evidence a stipulation of fact and documents concerning the offense to which appellant had pleaded guilty. Thereafter, he offered Cleveland's Airman's Performance Reports. Finally, appellant's squadron commander was called by trial counsel to express her opinion that appellant lacked rehabilitation potential; and appellant's first sergeant offered a similar opinion

that as much as the Air Force may want rehabilitation and that Sergeant Cleveland may want it, right now there are some forces that neither Sergeant Cleveland nor the Air Force could control to the extent that rehabilitation would be beneficial to either Sergeant Cleveland or the Air Force. Speaking of his wife's medical problems, his own medical problems, so on and so forth, I think those outside forces would take more effort in rehabilitation than the Air Force or Sergeant Cleveland are able to give or would be willing to give at this point.

The Government then "rest[ed] its sentencing case-in-chief," and the defense offered into evidence numerous exhibits. Among these were various certificates of training and certificates received in recognition of various military achievements by appellant, medical records of his wife, and documents concerning "humanitarian reassignments" caused by Mrs. Cleveland's medical condition. Also included in the defense exhibits was a typed unsworn statement wherein Cleveland recounted some of the stresses to which he had been subjected because of his wife's psychiatric illness. This statement concluded:

I know that I have to be punished, and I am prepared to accept what I deserve. I only ask that in determining an appropriate punishment for me that you consider that my wife needs someone to care for her. Her family will have very little to do with her because of her illness, and I am the only one she had who really cares for her. I promise you that I have learned my lesson. I want to stay in the Air Force and try to make right what I have done. Please forgive me.

The defense closed its evidence in mitigation by appellant's reading to the members a further brief unsworn statement which concluded in this way:

Although I have not been perfect, I feel that I have served well and would like an opportunity to remain in the service, regain the trust and respect of my co-workers and supervisors. In deciding my case, I ask that you consider my entire record and personal situation and the fact that the decision you have will have an impact upon my wife and me for the rest of our lives. Thank you.

Thereupon, trial counsel announced that he wished to offer rebuttal evidence to show that Cleveland had never approached his commander or first sergeant "asking help or assistance in obtaining either a loan or medical assistance; i.e., medicine, for the accused's wife." Furthermore, because appellant had said in his oral unsworn statement "I feel that I have served well," the prosecutor wished to offer rebuttal evidence concerning off-duty misconduct by Cleveland.

When defense counsel objected that the proposed rebuttal was improper, trial counsel replied that the evidence concerning Cleveland's failure to seek financial assistance from his supervisors would rebut the reasonable inference from appellant's unsworn statement that he had submitted a false claim in order to obtain money from the Government to help pay his wife's medical expenses. The prosecutor's rationale was that, if the medical expenses had existed, Cleveland "would have tried to get that medicine through military channels or would have, for instance, requested an Air Force loan for medicine."

The military judge commented:

Isn't that more argument than it is rebuttal evidence? I mean, the inferences that you are proposing are more in line

with argument that can be made on the evidence as opposed to the proper admission of rebuttal evidence.

Ultimately, the judge declined to admit this rebuttal evidence. On the other hand, trial counsel was allowed to offer the evidence of off-duty misconduct to rebut Cleveland's unsworn statement that, "[a]lthough I have not been perfect, I feel that I have served well."

Subsequently, in response to a question whether she would agree with Cleveland's above-quoted statement, his squadron commander answered in the negative and then explained:

> The main reason has to do with being an NCO or being a military member twenty-four hours a day. If you look back in Sergeant Cleveland's record, in 1979 he had an Article 15 for bad checks. In 1979, he had a letter of reprimand for misplaced government property. During the time that he has been on San Vito this time, he was caught driving without insurance in his car and lost his driving privileges. He wait[ed] four months for paying for Trittico at one point in time.
>
> \*     \*     \*     \*     \*     \*
>
> Trittico ... is permission to drive in Italy. The Italian government grants you that. He had \$1,300 worth of bad checks in 1986.

The defense tried to dilute the effect of this testimony by cross-examination and by evidence in surrebuttal.

## II

■ Under the Manual for Courts–Martial, United States, 1984, limitations imposed on admissible evidence in sentencing proceedings are greater than those that apply to sentencing in Federal district courts. *See United States v. Wingart*, 27 MJ 128 (CMA 1988). As we recognized in *Wingart*, there are several reasons for this difference—such as the absence in courts-martial of a presentence report prepared by a probation officer, the availability of extensive information in an accused servicemember's personnel records, and the participation of lay court-martial members in the sentencing process. Thus, since these limitations are not "irrational or arbitrary," *id.* at 136, we have no hesitancy in enforcing them.

RCM 1001, Manual, *supra*, sets forth the circumstances under which an accused's uncharged misconduct may be considered by the sentencing authority. In this case, the theory of admissibility employed by the prosecutor, the military judge, and later the Court of Military Review was that the challenged evidence rebutted Cleveland's oral, unsworn statement. In this connection, reliance is placed on the principle that "it is well settled that the function of rebuttal evidence is to explain, repel, counteract or disprove the evidence introduced by the opposing party." *See United States v. Wirth*, 18 MJ 214, 218 (CMA 1984); *United States v. Strong*, 17 MJ 263, 266 (CMA 1984), both citing *United States v. Shaw*, 9 USCMA 267, 271, 26 CMR 47, 51 (1958) (Ferguson, J., dissenting). According to the Government's argument, its evidence of appellant's delicts "explained" Cleveland's remark about his service.

Certainly, this Court has no hesitancy in allowing the Government to offer rebuttal evidence in a proper case. For example, in *United States v. Trimper*, 28 MJ 460 (CMA), *cert. denied*, —— U.S. ——, 110 S.Ct. 409, 107 L.Ed.2d 374 (1989), where—in answering a question on cross-examination—the accused had gratuitously commented that he had never used drugs, we held that the military judge had properly allowed the Government to rebut this testimony by evidence of specific occasions when the accused had used drugs. Moreover, we are aware that, although an accused "may not be cross-examined" concerning an unsworn statement made during the sentencing proceedings, "[t]he prosecution may, however, rebut any statements of facts therein." RCM 1001(c)(2)(C).

■ Nonetheless, we disagree with the military judge's ruling here and his rationale, as well as that of the court below. In the first place, we do not construe Cleveland's statement as a statement of fact.

Instead, when viewed in context, it was more in the nature of an opinion—indeed, an argument—as to the meaning of the documents which had been introduced as defense exhibits. Secondly, unlike the Court of Military Review, we are unable to conclude that the evidence of appellant's uncharged misconduct tended to "explain" the remark that he had made in his unsworn statement.

We conclude that this case presents the same situation with which we dealt in *Wingart*—namely, an attempt by the Government to bootleg some inadmissible, highly prejudicial evidence into the sentencing proceedings under the guise of rebuttal. As in *Wingart*, reception of the evidence here was error, prejudicial to appellant's rights.

### III

The decision of the United States Air Force Court of Military is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court, which may reassess[4] the sentence, or set aside the sentence and order a rehearing on sentence.

Judge COX concurs.

SULLIVAN, Judge (dissenting):

I think that the challenged evidence was admissible under RCM 1001(c)(2)(C), Manual for Courts–Martial, United States, 1984. *See also* RCM 1001(b)(2). In any event appellant opened the door to opinions concerning his prior service by his own opining as to its good quality. *See generally* RCM 1001(d). The details of his prior misconduct were offered as the basis for his squadron commander's view to the contrary. Mil.R.Evid. 705, Manual, *supra*. *See* Mil.R.Evid. 405(b). This is not the situation of court-ordered evidence treated in *United States v. Wingart*, 27 MJ 128 (CMA 1988). Accordingly, I would affirm the decision below as to sentence.

---

**4.** *See United States v. Suzuki,* 20 MJ 248 (CMA 1985).