UNITED STATES, Appellee,

v.

Stephen L. GREGORY, Airman Basic,
U.S. Air Force, Appellant.

No. 61,961
ACM 27246.

U.S. Court of Military Appeals.

Argued April 17, 1990.

Decided Sept. 27, 1990.

For Appellant: *Captain Bernard E. Doyle, Jr.* (argued); *Colonel Richard F. O'Hair* (on brief).

For Appellee: *Captain Leonard R. Rippey* (argued); *Colonel Joe R. Lamport, Major Terry M. Petrie, Captain Joseph V. Treanor, III* (on brief); *Colonel Robert E. Giovagnoni.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by general court-martial, before members, at Florennes Air

Base, Belgium, in June 1988. Pursuant to his pleas, he was found guilty of violating a general regulation which prohibited making unauthorized personal long-distance telephone calls, in violation of Article 92, Uniform Code of Military Justice, 10 USC § 892. He was sentenced to confinement for 8 months, total forfeitures, and a bad-conduct discharge.

A pretrial agreement provided that the convening authority would withdraw other fraud charges and disapprove any confinement in excess of 15 months. Appellant was bound by the agreement to make restitution to the Government in the sum of $5,000.00. According to the Government, he failed to do this. However, the convening authority did not re-refer the fraud charges. Instead, he approved the adjudged sentence. The Court of Military Review affirmed in an unpublished opinion.

This Court granted review of the following issues:

I

WHETHER THE MILITARY JUDGE ERRED BY ADMITTING, OVER OBJECTION, THE BASIS FOR A SENTENCING WITNESS' OPINION ON REHABILITATION POTENTIAL WHICH WAS REQUESTED BY A COURT MEMBER AND WHICH CONSISTED OF UNCHARGED MISCONDUCT.

II

WHETHER THE MILITARY JUDGE ERRED BY DENYING APPELLANT'S MOTION FOR APPROPRIATE RELIEF THAT SPECIFICATIONS 1 AND 2 OF THE CHARGE WERE MULTIPLICIOUS FOR SENTENCING. RCM 906(b)(12).

Appellant was found guilty on his pleas of making unauthorized long-distance phone calls from a commercial Belgian telephone and from a United States Air Force Class A military telephone. Both of these phones were located at appellant's command, on a military installation. Apparently, he was using the phones to make long-distance calls back to the United States to talk with his fiancee and friends.

According to the amended specifications, calls on the commercial Belgian telephone were made from October 11 through October 22, 1987. The calls on the Air Force phone were made from October 28, 1987, through January 14, 1988. The inquiry into the providence of the pleas and a stipulation of fact established that the total service fee for the calls on the commercial telephone, $17.42, was charged to the U.S. Government. The charge for the second set of calls, which was also billed to the U.S. Government, was $4,868.18.

On sentencing, appellant's noncommissioned officer in charge (NCOIC), Master Sergeant Marcotte, testified that appellant "has absolutely no rehabilitative potential." He based this on a number of factors, including appellant's work performance and military character. On cross-examination, defense counsel sought to mitigate a record of nonjudicial punishment that had been introduced by the prosecution on sentencing. This document contained information about appellant's having taken gasoline without authorization and breaking restriction, for which he had received punishment under Article 15, UCMJ, 10 USC § 815. Essentially, defense counsel questioned whether appellant had not merely "borrowed" the gasoline.

After this exchange, one of the court members asked upon what specific information the witness was basing his opinion that appellant had no rehabilitative potential. Defense counsel objected to this question because it would allow otherwise inadmissible information to come before the members. The military judge had the witness answer the question out of the presence of the members. MSGT Marcotte then presented a litany of appellant's having lied about stealing gasoline and breaking restriction.

Over defense objection, the military judge allowed this information to come before the court members. He gave a cautionary instruction to them that they could

only consider the uncharged misconduct as a basis upon which the NCOIC formed his opinion of appellant's rehabilitative potential.

## I

■ Evidence of rehabilitative potential may be presented in the form of an opinion. A witness testifying about an accused's rehabilitative potential must have a sufficient basis for his opinion. Specific instances of conduct justifying that basis may be elicited initially only on cross-examination. RCM 1001(b)(5), Manual for Courts–Martial, United States, 1984. *See United States v. Ohrt*, 28 MJ 301 (CMA 1989), and *United States v. Horner*, 22 MJ 294 (CMA 1986). *See also United States v. Antonitis*, 29 MJ 217 (CMA 1989). When cross-examining a government witness, however, a defense counsel runs the risk of opening the door to unfavorable information which forms the basis for that witness' opinion on an accused's rehabilitative potential. RCM 1001(b)(5).

■ The Court of Military Review concluded here that "the trial defense counsel's objection to the receipt of the testimony was not without merit." Unpub. op. at 2. We agree. Defense counsel did not open the door to evidence of appellant's uncharged misconduct and lying to his NCOIC about the offenses for which he had been punished previously. The cross-examination sought only to mitigate the documentary evidence of his having taken gasoline without authorization.

■ The fact that the objectionable question was asked by a court member rather than trial counsel is of no moment. The member's question about the NCOIC's basis for his opinion was not responsive to defense counsel's cross-examination. Furthermore, the witness already had established on direct examination that he had a

basis upon which to form an opinion concerning appellant's rehabilitative potential. *United States v. Wilson*, 31 MJ 91 (CMA 1990).[1] Under RCM 1001(b)(5), because defense counsel holds the key to unlocking the door to uncharged misconduct, the military judge erred when he permitted the witness to answer the member's question. *Cf. United States v. King*, 30 MJ 334 (CMA 1990).

■ The Court of Military Review concluded that the testimony did not prejudice appellant. Art. 59(a), UCMJ, 10 USC § 859(a). We have reviewed the entire record, including the convening authority's clemency action, and we agree with the Court of Military Review. Admission of the answer to the member's question did not "materially prejudice[ ] the substantial rights of" appellant. Art. 59(a).

## II

■ Regarding issue II, the evidence introduced during the guilty-plea inquiry showed that appellant made several unauthorized phone calls from the commercial Belgian telephone between October 11 and 22, 1987. The charge for these calls was nominal, $17.42. However, he then began making phone calls on the Class A telephone beginning on October 28, 1987, and continuing through January 14, 1988. The cost of these calls was $4,868.18. The fact that the Government elected to consolidate these numerous separate and distinct calls into two specifications, one concerning the commercial calls and the other concerning the unauthorized use of military telephones, may have been a windfall for appellant. *See United States v. Bradley*, 30 MJ 308 (CMA 1990). Under existing military law, he might have been charged for each individual call. *United States v. Jobes*, 20 MJ 506 (AFCMR), *pet. denied*, 21 MJ 102 (1985). Thus, the military judge

---

1. Thhe witness' testimony would have logical relevance under Mil.R.Evid. 608, Manual for Courts–Martial, United States, 1984, as attacking appellant's character for truth and veracity, if appellant had first put such character in issue; however, even this testimony should have been presented only in the form of an opinion.

did not err in finding that the specifications were not multiplicious for findings or sentence.[2] RCM 1003(c)(1)(C).

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in the result):

Defense counsel's cross-examination either directly or indirectly attempted to undermine the basis of this witness' testimony on rehabilitation potential. I would permit the challenged testimony since the door was opened by defense counsel. *See United States v. Cleveland*, 29 MJ 361, 364 (CMA 1990) (Sullivan, J., dissenting).

**2.** This result would not seem wholly satisfactory either. Under such a scheme a person who made 10 calls, running up a bill of $100, could be confined for up to 20 years. However, a person who made just one call, costing $1000, could only be confined for up to 2 years: Note that, under the Federal Sentencing Guidelines, § 301.1 *et seq.*, a very different approach to sentencing for multiple counts is provided, resulting in sentence ceilings falling between the all-or-nothing extremes of our current sentence-multiplicity rules.