**UNITED STATES**

v.

**Senior Airman Samuel CAMPBELL, FR 534–90–1175, United States Air Force.**

**ACM 28679.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 April 1990.

Decided 6 Dec. 1990.

Appellate Counsel for the Appellant: Major Ronald G. Morgan, Captain Ronald A. Gregory and Captain David D. Jividen.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr.; Major Brenda J. Hollis and Major Paul H. Blackwell, Jr.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

## DECISION

McLAUTHLIN, Judge:

Once again, we face the question of whether the prosecution crossed the fine line between proper and improper rebuttal during presentencing. In this case, we find error and reassess.

In accordance with his plea, Senior Airman Samuel Campbell was convicted of presenting nearly $4,000 in false claims in violation of Article 132, UCMJ, 10 U.S.C. § 932. His sentence is a bad conduct discharge, confinement for 30 months, forfeiture of $482 per month for 30 months, and reduction to airman basic. He now argues that the military judge erred by permitting trial counsel to bring improper rebuttal into his presentencing proceeding, over his defense counsel's objection.

Campbell was found guilty of submitting 26 fraudulent travel vouchers and subvouchers from 31 March to 23 October 1989. In an unsworn statement, he discussed his financial difficulties. Then, he said:

I would be more than happy and very pleased to pay back the government the money that's owed to them that I've taken and I also ask you to look at my past duty performances. I've been in a total service of almost six years now and *up until last year*, it's just been wrong for me that *I ran into a bad area but otherwise than that my service time, I feel in my opinion, has been very good.* That's it. (Emphasis added).

In rebuttal, the prosecution offered an earlier statement Campbell made to investigators. In that statement, Campbell discussed how he revealed his fraudulent voucher scheme to a female airman in August or September 1989. Campbell's statement further admitted to providing the other airman with orders so she, too, could start filing fraudulent travel vouchers.

Campbell's defense counsel objected to the introduction of this statement, arguing that the reference to misconduct in 1989 was not rebuttal since Campbell's unsworn statement only alluded to his "good service" *prior* to 1989. The judge overruled the defense objection and admitted the statement as *proper rebuttal*, tending "to explain, clarify or repel," with "probative value [that] substantially outweighed any prejudicial effect." Citing *United States v. Cleveland*, 29 M.J. 361 (C.M.A.1990), Campbell's appellate defense counsel assert that appellant's unsworn "opinion"

statement was not a statement of fact rebuttable under R.C.M. 1001(c)(2)(C). For reasons more akin to those offered by the trial defense counsel, we hold that the military judge erred in admitting this statement in rebuttal.

█ As evidence "directly relating to or resulting from the offenses of which the accused has been found guilty", Campbell's admission that he guided another airman down his same criminal path might have been offered by the government as a matter in aggravation in its presentencing case in chief. *United States v. Vickers*, 13 M.J. 403 (C.M.A.1982); *United States v. Ciulla*, 29 M.J. 868 (A.F.C.M.R.1989); R.C.M. 1001(b)(4). Trial counsel did not elect to do so. Instead, the government waited and tried to bring the admission into evidence as rebuttal to Campbell's unsworn statement.

█ The prosecution waited too long. In a somewhat carefully worded unsworn statement, Campbell foreclosed the government's opportunity to use the statement to rebut. Campbell's unsworn statement did contain rebuttable statements of fact. R.C.M. 1001(c)(2)(C). But he limited his reference to "very good" service "up until last year," or prior to 1989, when he admitted he "ran into a bad area." Thus, he managed to keep the door closed to rebuttal evidence about the same "area" of misconduct in August and September 1989. "If the Government may rebut an unsworn statement under circumstances not permitted by R.C.M. 1001(c)(2)(C), the right to make an unsworn statement becomes a trap for the accused and counsel." *United States v. Partyka*, 30 M.J. 242, 246 (C.M.A. 1990).

As Senior Judge Kastl notes in *United States v. Privette*, 31 M.J. 791 (A.F.C.M.R. 1990), "the prosecution need not suffer an accused who seeks to gull the trier of fact with misinformation, either directly or by implication." The accused cannot be heard to complain about government rebuttal when he "introduces Dr. Jekyll and the prosecution, offering a more complete portrait, presents Mr. Hyde." *United States v. Britt*, 16 M.J. 971 at 973 (A.F.C.M.R. 1983).

Here, Campbell's unsworn statement stopped short of proclaiming good service in 1989. He did not try to capitalize on any false inferences regarding his involvement that year in voucher fraud. Evidence of Campbell's other voucher impropriety in 1989 may have been available, but was not used, as aggravation in the government's presentencing case. It was erroneously admitted in rebuttal.

█ We are satisfied that we can fairly determine the sentence that would have been adjudged absent the improper rebuttal evidence. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990); *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). Reassessment is warranted in light of the military judge's apparent reliance upon this evidence in sentencing. Therefore, we approve only so much of the sentence as provides for a bad conduct discharge, confinement for 24 months, forfeiture of $482.00 per month for 24 months, and reduction to airman basic. We find the reassessed sentence appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c). The findings of guilty and the sentence, as modified, are

AFFIRMED.

Senior Judge LEONARD and Judge RIVES concur.