### UNITED STATES

v.

**Sergeant Michael R. ACEVEDO, FR 263–71–1866, United States Air Force.**

**ACM 28718.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 May 1990.

Decided 6 Feb. 1991.

## OPINION OF THE COURT

O'HAIR, Senior Judge:

During sentencing in a military judge alone trial, the appellant presented an unsworn statement in which he expressed his great remorse for the assault committed on his son and he asked that he be allowed to stay in the Air Force and be given another chance. Following this, the trial counsel announced his intention to present testimony from the appellant's commander and first sergeant to rebut appellant's request to the court that he be given another chance. Trial counsel elaborated on this by explaining that the offered testimony "has nothing to do with opinion about rehabilitation potential ...", but rather it "directly rebuts or responds to Sergeant Acevedo's unsworn statement." The trial defense counsel responded by characterizing the anticipated testimony as having everything to do with rehabilitation. He alleged that the government, in essence, had waived its opportunity to present rehabilitation potential evidence when it rested; and waiting until this portion of the trial gave the government an unfair advantage. The defense counsel further claimed that the witnesses were not competent to testify because they could not satisfy the requirements of

*Ohrt.* * After considering the views of each counsel, the military judge permitted the commander to testify. We hold the military judge erred by doing so, but find no prejudice.

The commander stated in his direct examination that he had known Sgt Acevedo since August 1988 and had taken an opportunity before trial to review the appellant's records. He then concluded "[t]hat for the good of the Air Force and for the good of Sergeant Acevedo, that he not be retained in the service." When asked upon what this opinion was based, he explained it was based on personal knowledge of the sergeant's performance and on the court-martial conviction in this case.

On appeal, both sides have reversed their positions on this issue from that taken at trial. The appellant now labels the commander's testimony as improper rebuttal because it doesn't comport with the limitations set out in R.C.M. 1001(c)(2)(C). That paragraph limits the scope of the government's rebuttal to only those "statements of fact" which are contained in the unsworn statement of the appellant. In support of its position appellant cites *United States v. Cleveland*, 29 M.J. 361 (C.M.A. 1990) and *United States v. Partyka*, 30 M.J. 242 (C.M.A.1990). In both of those opinions the Court of Military Appeals was critical of the government's attempt to rebut opinions expressed by the respective accuseds in their unsworn statements by bringing in otherwise inadmissible evidence of uncharged misconduct. The Court found that none of the defense evidence were statements of facts which could be rebutted under R.C.M. 1001(c)(2)(C). In addition, it determined the evidence did not qualify as classic rebuttal evidence which is that which tends to explain, repel, counteract or disprove the evidence introduced by the accused. *Cleveland*, at 363 and 364.

■ The appellate government counsel has countered this attack with the proposition that this is not a rebuttal case, but only a "rehabilitation" case for which the proper evidentiary foundation was laid. We disagree with this position. The testi-mony elicited from the commander should have been treated as rebuttal evidence by the military judge. The evidence was clearly labeled as rebuttal by the offering trial counsel, and the subject matter and timing of its introduction into the trial proceeding are a further indication of its true nature.

Applying the standard set out in R.C.M. 1001(c)(2)(C), the prosecution can only rebut statements of fact which are found in the unsworn testimony presented by the accused during sentencing. *See Cleveland* and *Partyka*, both *supra*, and *United States v. Privette*, 31 M.J. 791 (A.F.C.M.R. 1990). *United States v. Campbell*, 32 M.J. 580 (A.F.C.M.R.1990). In the case before us, the statements of the appellant that he knew he had been wrong and would like another chance are no more than opinion statements describing his state of mind and desires for his Air Force career. *See Privette*, 31 M.J. at 792. They are not statements of fact as contemplated by the Manual. As such, we find it was error for the trial judge to permit this testimony.

■ Even if we had not found it was error to permit the unsworn statement to be rebutted in this fashion, we would have found the commander's testimony objectionable because he was permitted to give the court a personal recommendation as to what he believed was an appropriate punishment. That was, that the appellant not be retained in the Air Force, which is no more than a euphemism for "give the guy a bad conduct discharge." It has long been held that no witness is competent to give the court any recommendation as to what that witness believes is an appropriate sentence. *United States v. Jenkins*, 7 M.J. 504 (A.F.C.M.R.1979), *pet. denied*, 7 M.J. 328 (1979).

■ The approved sentence is a bad conduct discharge, confinement for six months and reduction to airman basic. In light of the error found above, we have considered the appellant, the nature of the offense and all other facts and circumstances. Having

* *United States v. Ohrt*, 28 M.J. 301 (C.M.A.1989).

**694**

reassessed we are confident the approved sentence is appropriate and no greater than would have been adjudged if the error had not occurred. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990); *United States v. Sales*, 22 M.J. 305 (C.M.A.1986); *Privette*, 31 M.J. at 794.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Chief Judge O'BRIEN, Senior Judge PRATT and Judge JAMES concur.

**UNITED STATES**

v.

**Senior Airman Julio C. DOUGLAS, FR 548–39–1592, United States Air Force.**

**ACM 27083 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 May 1988.

Decided 6 Feb. 1991.

