## UNITED STATES

v.

**Thomas V. GOREE, 453 61 8217, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 91 1868.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 11 Dec. 1990.

Decided 28 Feb. 1992.

LT Matthew Louis Kronisch, JAGC, USNR, Appellate Defense Counsel.

LT Nanette M. DeRenzi, JAGC, USNR, Appellate Defense Counsel.

LT J.C. Foster, JAGC, USNR, Appellate Government Counsel.

Before STRICKLAND, Senior Judge, and ORR and MOLLISON, JJ.

PER CURIAM:

Appellant was convicted of two specifications of receiving stolen automobiles and one specification of possessing and using a false temporary vehicle pass in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced, by military judge alone, to a bad-conduct discharge, confinement for twenty-seven months, forfeiture of $600.00 pay per month for twenty-seven months, and reduc-

tion to pay grade E–1. The convening authority approved the adjudged sentence but suspended all confinement in excess of twenty-one months pursuant to the terms of a pretrial agreement.

Appellant asserts, and the Government concedes, that the military judge erred by admitting a service record entry of uncharged misconduct during the Government's case in rebuttal on sentencing. The entry in question reflects that after the charges in this case were preferred, the appellant commenced an unauthorized absence which lasted nearly three months.[1]

The trial counsel related to the military judge his theory of admissibility as to this document.

> Your Honor, it's absolutely proper rebuttal evidence. The defendant has just stated in his unsworn statement that he intends to continue his military career, and that he wants to continue in that military career. The fact that the defendant went for a period of unauthorized absence and was, indeed, apprehended, shows that he has no intention of continuing his military career, and in that sense it is proper rebuttal evidence.

Record at 54.

The military judge admitted the exhibit and explained, "[i]t would seem that his conduct while—after these charges were preferred against him and he was awaiting trial on them would be relevant to any claim that he wishes to continue service...." Record at 54–55. Both the military judge and the trial counsel misstated what appellant said in his unsworn statement, not to mention that the trial counsel misrepresented that appellant's absence had been terminated by apprehension when the document in question did not so indicate.[2]

During appellant's case in extenuation and mitigation, no witnesses were called to testify as to appellant's potential for rehabilitation. In fact, the only evidence of-

fered was appellant's unsworn statement wherein he stated, *inter alia:*

> I know I've done wrong and this is a punishment that I'm willing to take, and I've learned a great—great deal; I've learned a valuable lesson. Hopefully, I'll be able to continue out my military career. If not, I'd like to be allowed at least to go back to school once I am out, to continue studying what I've learned in the military, throughout my administrative teachings. And that's it.

Record at 53.

 The military judge and trial counsel were both in error as to what is relevant during the sentencing phase of the trial and what constitutes proper rebuttal. If relevant, uncharged misconduct can be introduced into evidence by the Government during its case in chief on sentencing, or it can be introduced in rebuttal to matters raised by the defense. While recognizing that Mil.R.Evid. 401 provides that relevant evidence is any evidence which tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, the United States Court of Military Appeals has held that once findings of guilty have been entered, Mil.R.Evid. 404(b) evidence (other crimes, wrongs or acts) is no longer "of consequence to the determination of the action." *United States v. Wingart*, 27 M.J. 128, 135 (C.M.A.1988). Thus, the Court concluded that relevance must be considered in relation to Rule for Court Martial (R.C.M.) 1001(b)(4), and that uncharged misconduct is not admissible unless, pursuant to R.C.M. 1001(b)(4), it constitutes aggravating circumstances. *Id.* at 136. We find that the uncharged misconduct in this case was not an aggravating circumstance of any offense of which appellant was convicted and that it was, therefore, irrelevant evidence. Thus, the

---

**1.** This charge was not referred to appellant's court-martial. We assume that the Government chose not to reopen the Article 32 proceeding in order to do so.

**2.** Trial defense counsel objected to the representation that appellant's absence had been terminated by apprehension and the military judge did acknowledge that he was misled by the trial counsel on this issue.

Government could not have introduced this evidence during its case in chief.

 Despite the fact that this uncharged misconduct did not constitute an aggravating circumstance of any offense, it could still potentially be admissible if it properly rebutted any matter presented by the defense. *See* R.C.M. 1001(d). As we previously noted, the only matter presented by the defense in this case was appellant's unsworn statement in which he merely evidenced a wish to be retained on active duty. It is questionable whether this testimony even addresses rehabilitation potential. Even had his statement represented that he had performed well, however, it would not have opened the door to rebuttal. An accused's unsworn statement that he had served well is in the nature of an opinion and does not constitute a statement of fact which would allow evidence of uncharged misconduct to rebut the claim. *United States v. Cleveland*, 29 M.J. 361 (C.M.A. 1990). *See also United States v. Acevedo*, 32 M.J. 692 (A.F.C.M.R.1991). As a result, appellant's opinion regarding his desire to remain in the military was not subject to rebuttal. We find, as the Court did in *Cleveland*, that this was an attempt by the prosecution to bootleg inadmissible evidence into the sentencing proceedings under the guise of rebuttal. We agree with appellate counsel and find that the military judge erred in admitting this evidence.

 The military judge erred in another matter as well. Trial counsel, defense counsel, and appellant entered into a stipulation of fact concerning the offenses of which appellant was convicted and this was appended to the pretrial agreement as Appendix 1. The terms of the pretrial agreement required that appellant enter into such a stipulation, that it be appended to the pretrial, and that appellant testify in accordance with the stipulation.[3] During the providence inquiry, the defense counsel attempted to introduce this stipulation into evidence to assist the military judge. The trial counsel objected on various grounds:

the stipulation was only meant to be used for sentencing, the accused might contradict facts contained in the stipulation, he (trial counsel) might not introduce the document, and he (trial counsel) might not be willing to enter into the stipulation of fact. Based on these representations the military judge sustained the objection and did not consider the stipulation of fact at that time.

As soon as the sentencing phase of the trial began, however, the trial counsel changed his tune and immediately sought to introduce into evidence the same stipulation of fact. This time the defense counsel objected on the grounds that the stipulation was irrelevant and not proper aggravation. While the military judge properly overruled these objections, he admitted the stipulation without ever questioning the appellant as to his understanding of the nature and effect of the stipulation, *see* Discussion, Rule for Courts–Martial 811, and, most importantly, whether it was still the desire of appellant to be a party to the stipulation. Appellant had the right to withdraw from the stipulation at any time, and his specific consent to the stipulation was required prior to its admission into evidence. While we find this to constitute error, we have carefully considered the matters contained in the stipulation and the information revealed in the providence inquiry and the remaining portions of the trial and hold that appellant was not prejudiced by admission of this stipulation. Consequently, the error is harmless.

We find that appellant was prejudiced by the improper admission of uncharged misconduct during the sentencing phase of the trial. We will cure this prejudice by reassessing the sentence in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). The findings are affirmed. Upon reassessment of the sentence, only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty-one months, forfeiture of $600.00 pay per month for twenty-one

---

**3.** Ostensibly, this was included to require that appellant testify against his co-actors if neces- sary.

months, and reduction to pay grade E–1 is affirmed.

STRICKLAND, Senior Judge, ORR and MOLLISON, JJ., concur.

MOLLISON, Judge (concurring):

I concur with the disposition of this case because I believe the United States Court of Military Appeals in the cases of *United States v. Partyka*, 30 M.J. 242 (C.M.A. 1990), and *United States v. Cleveland*, 29 M.J. 361 (C.M.A.1990), has limited Government rebuttal of unsworn statements to statements of fact, vice opinions, therein. Rule for Courts–Martial 1001(c)(2)(C). The statements the Government sought to rebut here more properly fell in the latter category.