UNITED STATES

v.

Charles L. POWELL, 466–33–3921, Aviation Maintenance Administration-man Airman (E–3), U.S. Navy.

NMCM 96 00698.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 31 Jan. 1996.

Decided 17 Jan. 1997.

Maj James R. Royce, USMCR, Appellate Defense Counsel.

Capt Christopher N. Hamilton, USMC, Appellate Government Counsel.

Before DOMBROSKI, C.J., and LUCAS and OLIVER, JJ.

LUCAS, Judge:

Pursuant to his guilty pleas before a special court-martial, military judge alone, the appellant was found guilty of committing offenses relating to his failure to report to

work on time and travel and housing allowance fraud.

We have examined the record of trial, the single assignment of error,[1] and the Government's response thereto. We have concluded that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

The appellant contends that the trial judge committed plain error during the sentencing phase of the court-martial by allowing three prosecution witnesses to testify about the appellant's limited potential for rehabilitation, contending that the trial counsel failed to establish the necessary foundation for those witnesses to provide such evidence. The appellant also contends that the trial judge committed plain error by permitting those same sentencing witnesses to provide evidence of inadmissible uncharged misconduct.

The trial counsel's first sentencing witness was a Navy lieutenant. The appellant had worked indirectly for the witness for several months. In an apparent attempt to establish an adequate foundation for the witness to ultimately provide an opinion regarding the appellant's limited rehabilitation potential, the trial counsel elicited several pages of testimony that included examples of specific conduct of the appellant. Some of that specific conduct could reasonably be construed as uncharged misconduct relating to the appellant's financial irresponsibility. Other examples of specific conduct related to many ineffective counselling sessions between the appellant and the witness.

The trial counsel's second sentencing witness was a Navy senior chief who also indirectly supervised the appellant for several months. As with the first witness, in an apparent attempt to satisfy the trial judge that this witness was qualified to ultimately render an opinion regarding the appellant's limited potential for rehabilitation, the trial counsel elicited responses that included long and rambling narratives regarding specific instances of counselling of the appellant and

the appellant's unreceptive attitude regarding that counselling. The testimony also indicated that the appellant had been late for work and had financial problems.

The third prosecution witness, a Navy chief, was the appellant's immediate supervisor for several months. During direct examination, the trial counsel asked a series of questions resulting in several pages of testimony referring to many counselling sessions with the appellant, and indicating that the appellant had been repeatedly late to work, had lost military property, was financially irresponsible, and may have passed worthless checks.

With respect to all three witnesses, there was no objection by the defense counsel that the trial counsel failed to establish a proper foundation for the witnesses to provide an opinion regarding the appellant's rehabilitation potential, that on direct examination of those witnesses the trial counsel had improperly elicited examples of specific conduct of the appellant that established the basis for those opinions, or that some of the testimony constituted inadmissible uncharged misconduct.

■ Ordinarily, such a failure to object to testimony results in waiver. RULE FOR COURTS-MARTIAL 905(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.]; MIL. R. EVID. 103(a)(1). The appellant seeks to avoid waiver by contending now that the trial judge committed plain error by allowing such testimony.

■ During the sentencing phase of a court-martial, on direct examination of a witness, the trial counsel may elicit opinion testimony concerning an accused's potential for rehabilitation. R.C.M. 1001(b)(5)(A). An adequate foundation for such opinion testimony is required by the rule, meaning that a prosecution witness offering such opinion evidence must possess sufficient information and knowledge about an accused so that his or her opinion is rationally-based and helpful to

---

1. THE MILITARY JUDGE ERRED IN ALLOWING EVIDENCE ON APPELLANT'S LACK OF REHABILITATIVE POTENTIAL WITHOUT PROPER FOUNDATION AND WHICH INCLUDED SPECIFIC INSTANCES OF UNCHARGED MISCONDUCT. (Citations omitted.)

the court-martial. *United States v. Ohrt*, 28 M.J. 301, 304 (C.M.A.1989); R.C.M. 1001(b)(5)(B).

■ Although the rule does not expressly require it, it is customary and logical for a trial counsel to establish such a foundation before asking for the opinion evidence. However, inquiry by the trial counsel into specific examples of an accused's conduct establishing the reasons for the opinion is not permitted on direct examination. Instead, such initial inquiry into specific examples of conduct of an accused is limited to cross-examination to test or impeach the opinion testimony. *United States v. Rhoads*, 32 M.J. 114, 116 (C.M.A.1991); *United States v. Aurich*, 31 M.J. 95, 96 (C.M.A.1990); *United States v. Gregory*, 31 M.J. 236, 238 (C.M.A. 1990); R.C.M. 1001(b)(5)(D); R.C.M. 1001(b)(5)(E).

■ Additionally, during the sentencing phase of the court-martial, the trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offense(s) of which the accused has been found guilty. R.C.M. 1001(b)(4). Evidence of uncharged misconduct may be admissible for that purpose. However, that is not to say that evidence of uncharged misconduct that would be admissible on the merits in a contested case under MIL. R. EVID. 404(b) is automatically admissible during sentencing as aggravation evidence. To the contrary, MIL. R. EVID. 404(b) does not determine the admissibility of evidence of uncharged misconduct during sentencing. Instead, admissibility of such evidence is determined solely by R.C.M. 1001(b)(4) and evidence of uncharged misconduct is not admissible during sentencing unless it constitutes aggravating circumstances directly relating to or resulting from the offense(s) of which the accused has been found guilty. *United States v. Wingart*, 27 M.J. 128, 136 (C.M.A.1988).

■ We conclude, first, that the trial counsel minimally established an adequate foundation for each witness to provide rehabilitative potential opinion evidence pursuant to R.C.M. 1001(b)(5)(B). That part of the ap-

pellant's assigned error is therefore without merit.

■ We agree with the appellant that the trial counsel improperly elicited examples of specific conduct of the accused during direct examination of the witnesses. However, for those examples of specific conduct not amounting to uncharged misconduct, the conduct was so benign that the evidence could not have prejudiced the appellant at this judge-alone court-martial.

■ Next, even though we agree that two of the prosecution sentencing witnesses indicated that the appellant had been late for work several times, this was not evidence of uncharged misconduct. Instead, we conclude that the witnesses were referring to the offenses of which the appellant was charged and convicted.

■ The remaining issue is whether the trial judge committed plain error by permitting the witnesses to provide evidence of uncharged misconduct; that the appellant had lost Government property, was financially irresponsible, and passed worthless checks. The Government contends that the evidence of uncharged misconduct was admissible. We do not agree. We have closely examined the nature of the uncharged misconduct and find that none of that evidence constituted aggravating circumstances **directly** relating to or resulting from the appellant's crimes. It was therefore not admissible under R.C.M. 1001(b)(4). That does not necessarily mean, however, that relief is required or warranted.

In support of his assignment of error, the appellant cites *Aurich* and *Gregory*. Except as noted above, those cases are inapplicable to the appellant's case. In both of those cases, the issue was whether the trial judge erred by permitting prosecution sentencing witnesses to testify over defense objections. In the appellant's case, there were no such objections. The issue here is whether the theory of plain error will preserve issues for possible relief. Plain error was not an issue in either of the cited cases.

Also in support of his assignment of error, the appellant cites *United States v. Trimble*, 30 M.J. 1133 (N.M.C.M.R.1990). In *Trimble*,

this Court granted relief after finding, without reference to any legal authority, that a trial judge committed plain error by allowing a prosecution sentencing witness to testify in narrative form and in an "unflattering" way about that accused. In that case, we concluded that the testimony was not admissible either as rehabilitation opinion evidence or as aggravation evidence. As in the appellant's case, there were no defense objections to the testimony.

We decline to apply the decision in *Trimble* to the appellant's case. After the Supreme Court's subsequent decision in *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), this court has a greater appreciation for the need to fully examine a claim of plain error. It is important to remember that a plain error analysis is conducted only because no proper defense objection was made at the trial level. The question is whether an issue should be preserved for possible corrective action despite the fact that an opportunity was available to fully litigate it at the lower level, but the appellant did not do so. The appellant's case is not one in which we must decide whether the trial judge erred in admitting evidence over a defense objection. It is also not a case in which relief is warranted where an appellant was denied effective assistance of counsel because his trial defense counsel failed to object to testimony, for we find no ineffective assistance of counsel in this case. Instead, the appellant's case lies between those two scenarios, and the concept of plain error protects his rights and the integrity of the court-martial.

 The term "plain error" is perhaps somewhat misleading. It is a legal term of art, the full meaning and import of which far exceeds its simple label. Plain error exists only when there is error, the error is obvious, **and** the error adversely affects some substantial right of an accused. *Olano,* 507 U.S. at 732–34, 113 S.Ct. at 1776–78. The third element implies prejudice of some sort. *Olano,* 507 U.S. at 733, 734, 741, 113 S.Ct. at 1777, 1777–78, 1781. The burden of persuasion with respect to these three elements of plain error rests with the appellant. *Olano,* 507 U.S. at 734, 741, 113 S.Ct.

at 1777–78, 1781. Although the purpose of *Olano* was to reexamine the meaning of the federal civilian plain error rule found in FED. R.CRIM. P. 52(b), the full reasoning of the opinion is applicable to the appellant's case because the language of FED. R.CRIM. P. 52(b) is virtually identical to that of our evidentiary plain error rule found in MIL. R. EVID. 103(d).

 *Olano* did not establish new law. Instead, its primary importance is a reminder that even if plain error is found, corrective action does not necessarily follow. Further analysis is required to determine whether an appellate court should exercise discretion in granting relief. Such discretion should be exercised rarely, and only if the plain error seriously affected the fairness, integrity, or public reputation of the proceeding, or to avoid a miscarriage of justice. *Olano,* 507 U.S. at 736, 113 S.Ct. at 1779. We did not have the benefit of *Olano* in deciding *Trimble.* We believe that this Court did not undertake the required comprehensive plain-error analysis in *Trimble.*

In the appellant's case, it was error for the witnesses to provide the court-martial with several specific examples of inadmissible uncharged misconduct. That error is obvious. Because of the nature of the uncharged misconduct and because the trial judge indicated on the record before announcing the sentence that she considered the testimony of all three prosecution witnesses, without an indication that she excluded the inadmissible uncharged misconduct from her sentencing consideration, we conclude that the appellant has carried the burden of establishing the first three plain error elements. We conclude, therefore, that there is plain error.

However, we decline to exercise our discretion and grant relief. We find that the plain error did not seriously affect the fairness, integrity, or public reputation of the court-martial. We also find that relief is not required to avoid a miscarriage of justice. So, even though the assignment of error does have some merit in that we agree that plain error exists, corrective action is neither required nor warranted under the specific circumstances of this case.

Accordingly, the findings and the sentence, as approved on review below, are affirmed.

Chief Judge DOMBROSKI and Judge OLIVER concur.