UNITED STATES, Appellee,

v.

Sergeant William M. DELANEY,
146–60–3799, United States
Army, Appellant.

ACMR 8800214.

U.S. Army Court of Military Review.

6 Sept. 1988.

502

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Stewart C. Hudson, JAGC, Captain Jeffrey J. Fleming, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

KANE, Judge:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of driving while intoxicated, wrongful appropriation of government property of a value in excess of $100.00, two specifications of simple assault, one specification of assault with a dangerous weapon, and wrongful discharge of a firearm under circumstances such as to endanger human life, violations of Articles 111, 121, 128, 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 911, 921, 928, and 934 (1982). In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement for eighteen months, and reduction to the rank of Private E–1.

On appeal, the appellant contends that the military judge erred during the sentencing phase of his trial by admitting evidence of juvenile and adult arrests. We agree.

### I

During the sentencing phase of the trial, the trial counsel offered as an appellate exhibit a report by the Criminal Investigation Division (CID) of a background investigation of the appellant. According to the CID report, the police department of Bayonne, New Jersey, had arrested the appellant for "terroristic threats" and harassment. The CID report also indicated that the appellant had a juvenile record but that the Bayonne, New Jersey, Juvenile Bureau could not release the juvenile record without the appellant's written consent or court order. Photocopies of the Bayonne Police Department's report of the appellant's adult arrests were attached to the CID report. The police report indicated that the appellant had been arrested for terroristic threats as noted but also for possession of a weapon for an unlawful purpose.

The CID report of investigation with the attached civilian police report was offered into evidence on a number of theories: that it was relevant to the appellant's potential for rehabilitation, that the background check that revealed the information was part of the *res gestae* of the offense because it occurred during the course of the investigation into the incidents underlying the charges, and that the report explained a stipulation that the appellant had "enlisted in the U.S. Army ... after he was granted a moral waiver." The military judge initially denied the government's motion to admit the exhibit.

Undeterred by the trial judge's ruling, the trial counsel persisted in seeking admission of the document in issue. In his argument, the trial counsel indicated to the court that the information contained therein was likewise contained in the appellant's enlistment contract. The military judge *sua sponte* advised counsel that he would admit the enlistment contract as personal data relating to the character of the appellant's prior service. The trial counsel then offered a copy of the appellant's enlistment contract which the military judge admitted into evidence "for the limited purpose of rehabilitative potential" over defense objection. The appellant's enlistment contract indeed reflected that appellant had been arrested as an adult for making terroristic threats and possession of a weapon for an unlawful purpose. It also revealed juvenile

arrests for simple assault, possession of a dangerous weapon, and violation of probation. The offense for which appellant was arrested as an adult resulted in convictions only for the lesser offenses of harassment and improper behavior. In each case, the appellant was "sentenced" to a twenty-five dollar fine. The trial counsel then offered the CID report and the attached police report of arrest to "explain the background" of the arrests and convictions noted within the appellant's enlistment contract. Again, the military judge refused to admit the CID report and the police record of arrest whereupon the government rested its case in aggravation.

In an unsworn statement in extenuation and mitigation, the appellant subsequently offered an explanation of the derogatory information contained within his enlistment contract. In rebuttal, the trial counsel "reoffered" the CID report accompanied by the derogatory adult arrest record of the Bayonne Police Department on the theory that "the court should be aware of what the official record is on that particular incident." Over defense objection, the military judge admitted the CID report as appropriate rebuttal to the appellant's unsworn statement under the "relaxed" rules of evidence.

The appellant then moved for production of a witness to the incidents underlying the police report. This motion was denied. The military judge offered the appellant the opportunity to make a further statement to explain the "consistencies or inconsistencies regarding this statement." The military judge further ruled that he would consider the appellant's juvenile offenses "no more than [sic] they're referenced in the enlistment contract." In another unsworn statement, the appellant stated that the "weapon" which was the basis of the offenses mentioned in the arrest report was only a "replica" handgun and not capable of firing.

## II

Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 402 [hereinafter Mil.R.Evid.] provides generally for the admissibility of relevant evidence. However, even relevant evidence may be inadmissible where its probative value is outweighed by the danger of unfair prejudice, confusion of the issues or misleading the finder of fact among other matters. *See* Mil.R.Evid. 403. The Manual for Courts–Martial defines those matters which are relevant at sentencing thus limiting the matters which may be considered. *United States v. Montgomery,* 42 C.M.R. 227, 229 (C.M.A.1970). *See also United States v. Glazier,* 24 M.J. 550, 552–53 (A.C. M.R.1987) (the sole test of admissibility of evidence in aggravation is whether the evidence is "relevant to sentencing as defined in R.C.M. 1001(b)(4)").

■ The Manual for Courts–Martial, authorizes matters relevant to sentencing to include the appellant's service data as set forth in the charge sheet, personal data and character of the accused's prior service as reflected in the personnel records of the accused, evidence of prior civilian and military convictions, evidence of aggravating circumstances directly relating to or resulting from the offenses of which the accused has been convicted, among other matters. R.C.M. 1001(b). The prosecution may rebut matters presented by the accused. R.C.M. 1001(d). There is a substantial difference between evidence which may be initially introduced by the government relative to sentencing and that which it may properly present in rebuttal to defense evidence. Normally, in the latter instance, the government has greater latitude to explain, clarify or contradict evidence presented by accused. *See United States v. Strong,* 17 M.J. 263, 266 (C.M.A.1984). Nevertheless, even when rebutting evidence presented by the accused, there are limitations on the admissibility of evidence.

## III

■ The appellant's arrest record was not admissible for any purpose. Unlike the Federal Rules, the Manual for Courts–Martial provides only for the consideration of "prior convictions" and not of "any prior criminal record." *Compare* Fed.R.Crim.P. 32(c)(2)(C) *with* M.C.M. 1001(b)(3). Similar-

ly, the Military Rules of Evidence permit proof of character by way of extrinsic evidence of conviction and not by extrinsic evidence of one's criminal arrest record. *See* Mil.R.Evid. 608 and 609.

■ "Bootstrapping" the impermissible information to a personnel record cannot alter this result: "what the government cannot successfully introduce into evidence through the front door it cannot successfully introduce through the back door via an administrative record-keeping regulation." *United States v. Brown*, 11 M.J. 263, 266 (C.M.A.1981). Thus, characterizing appellant's arrest record as "personal data" contained in a "personnel record" cannot change the impact of R.C.M. 1001(b)(3).

Accordingly, we find that the military judge abused his discretion in admitting evidence of the appellant's civilian arrests, both as an adult and as a juvenile, on the basis of the thinly veiled subterfuge of "personnel records."

## IV

■ The military judge likewise abused his discretion in admitting the investigatory report of the Bayonne Police Department on the theory that it was appropriate rebuttal to the appellant's unsworn statement. The statements which the document purportedly rebutted would not have been made in the first instance but for the erroneous admission of the evidence of civilian arrests. Here, as in *United States v. Petersen*, the defense counsel sought to preclude the evidence which the government asserted opened the door to rebuttal. *United States v. Petersen*, 24 M.J. 283, 285 (C.M.A.1987). But for its erroneous admission, the appellant would not have volunteered any statements concerning the civilian arrests.

■ Even had this preliminary information been properly admitted, the police report would yet have been impermissible as rebuttal evidence on the theory that the appellant opened the door. The government, not the appellant, raised the issue of the appellant's civilian arrests. To subsequently contend that the appellant's expla-

nation of those arrests raised the issue such as to open the door for proper rebuttal is a fundamental misapplication of the "open door" doctrine. *See United States v. Maxwell*, 21 M.J. 229, 230 (C.M.A.1986). By introducing the appellant's enlistment contract which included his arrest record, the government elicited, albeit indirectly, the explanation of those arrests; consequently, the rules of evidence do not permit the government to contradict the very evidence which the prosecutor himself had improperly elicited.

Accordingly, we find that the sole purpose for both offering and admitting the appellant's enlistment contract was to establish appellant's prior criminal record of adult arrests and juvenile convictions such that the military judge abused his discretion in admitting the police report on the basis of the thinly veiled subterfuge of "personnel records."

## V

We have considered those matters personally asserted by the appellant and find them to be without merit.

The findings of guilty are affirmed. On the basis of the errors noted, the sentence is set aside. A rehearing on the sentence may be ordered by the same or a different authority.

Senior Judge DeFORD and Judge WERNER concur.