**UNITED STATES, Appellee,**

v.

**David G. CIULLA, Staff Sergeant, U.S. Air Force, Appellant.**

No. 64,058.
ACM 27528.

U.S. Court of Military Appeals.

Argued Jan. 9, 1991.

Decided April 11, 1991.

For Appellant: *Captain David D. Jividen* (argued); *Major Ronald G. Morgan* (on brief); *Colonel Richard F. O'Hair, Lieutenant Colonel Jeffrey R. Owens, Captain Mark R. Land.*

For Appellee: *Major Brenda J. Hollis* (argued); *Major Paul H. Blackwell, Jr.* and *Captain David G. Nix* (on brief); *Colonel Robert E. Giovagnoni.*

*Opinion of the Court*

COX, Judge:

Appellant challenges the propriety of the military judge's receipt of certain presentencing evidence in this judge-alone trial.[1]

Appellant pleaded guilty to committing sodomy and indecent acts upon his natural daughter, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. The *charged* conduct to which appellant judicially confessed—staggering in both quantum and degree—occurred while the child was between the ages of 10 and 13.[2] Upon a detailed providence inquiry, the military judge accepted appellant's pleas and found him guilty. Prior to pronouncing sentence, the judge heard expert testimony about the

---

**1.** As framed by appellant, the issue is: WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ALLOWING THE VICTIM TO TESTIFY TO APPELLANT'S EXPRESSED DESIRE TO SEE A FRIEND OF THE VICTIM'S NAKED AND TO COMMIT INDECENT ACTS WITH THAT FRIEND.

**2.** In addition, the victim testified, without defense objection, that the abuse began with inappropriate touching in the bathtub when she was about 2 years old; it escalated to full sodomy when she was in the second or third grade; and it continued unabated to age 13, at which point she finally reported it to her mother.

massive psychological damage suffered by the victim.

The military judge sentenced appellant to a dishonorable discharge, confinement for 40 years, and reduction to E–3. The convening authority approved the sentence. The Court of Military Review reduced the confinement to 30 years, but otherwise affirmed the findings and the sentence, noting that it had "found no Air Force case for which similar child abuse offenses—however heinous—include[d] such a lengthy term of confinement." 29 M.J. 868, 870 (1989).

The issue on appeal relates to a brief exchange that occurred on sentencing between trial counsel and the victim. Trial counsel was permitted to ask the victim this question, over defense objection based on relevance:

> [D]uring the time that dad was doing these things to you, did dad ever say anything to you about doing these things to other girls?

The military judge's rationale for permitting the question was:

> Well, I believe I'm able to separate out anything that's overly prejudicial and will not consider it in an undue fashion, but, based on the offered relevance at this point I will allow the matter to proceed *until I determine, if at all, that it is not relevant.*

(Emphasis added.)

In response to the question, the victim testified that, on one occasion during the period in question, appellant expressed a desire to "do it" to one of her friends and to see this other girl naked. That was the extent of the challenged testimony; its propriety was never again addressed insofar as we can determine.

█ We resolve this case on any of three grounds. First, it is not at all clear that the military judge considered the information for any purpose. Given the tentative nature of the judge's ruling, it was incumbent upon the defense to renew the objection and seek clarification prior to the time sentence was announced. The objection was thus waived.

█ Second, nothing would seem less surprising than to learn that one who had been sexually abusing his own daughter for years might entertain similar fantasies about other young girls. The expert testified to the same effect in any event. Given the magnitude of appellant's offenses against the victim, we see no danger that this bit of testimony affected his punishment.

█ Third, "aggravating circumstances directly relating to ... the offenses of which the accused has been found guilty" may be introduced by the prosecution on sentencing. RCM 1001(b)(4), Manual for Courts–Martial, United States, 1984. As we have construed it, this type of state-of-mind/depth-of-problem evidence was directly related to the charged offenses. *United States v. Mullens,* 29 MJ 398 (CMA 1990), citing *United States v. Silva,* 21 MJ 336 (CMA 1986), and *United States v. Martin,* 20 MJ 227 (CMA 1985), *cert. denied,* 479 U.S. 917, 107 S.Ct. 323, 93 L.Ed.2d 295 (1986).

The decision of the United States Air Force Court of Military Review is therefore affirmed.

Chief Judge SULLIVAN concurs.

EVERETT, Senior Judge (concurring in part and dissenting in part):

I agree that, given the nature of the military judge's response to the initial objection, it is not clear that he ultimately considered the challenged evidence for any purpose at all. I am not so sure as the majority, though, that the burden of definitively resolving the matter on the record rested with the defense and that, otherwise, the defense can be charged with waiving the issue.

Mil.R.Evid. 103(a)(1), Manual for Courts–Martial, United States, 1984, requires an objection to evidence if later complaint is to be heard on appeal; the defense entered such an objection here. If the military judge elects to defer his ruling until he has

a fuller picture of the case, it seems to me that it is the *judge's* responsibility ultimately to ensure that he does enter his ruling—not the *defense's* burden to enter a *second* objection when, in reality, a ruling to the *first* is yet outstanding.

In any event, even considering the severe sentence adjudged and approved, I am convinced that the challenged evidence played no significant role in the adjudged sentence and that, certainly, any arguable effect does not continue to be reflected in the approved sentence. *See* Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a).

I am compelled, however, to reiterate my disagreement with the willingness of my Brothers on this Court to encompass such evidence as that in question here within "aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." *See* RCM 1001(b)(4), Manual, *supra.* I have expressed my views on this language in my separate opinions in each of the cases cited by the majority: Quite simply, I believe that evidence of uncharged misconduct is not admissible in aggravation—no matter how *similar* it might be to the charged offenses—unless it *literally directly relates to* or *results from* the charged offenses. Indeed, I strongly urge that anyone interested in this conflict read carefully the three cases out of Courts of Military Review that are cited in the Drafters' Analysis to reflect what *they* intended by this language in this rule. Manual, *supra* at A21–64 (Change 3).