## UNITED STATES

v.

Clifton L. MANNS, 368–76–6068, Gunner's Mate (Guns) First Class (E–6), U.S. Navy.

NMCM 98 00641.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 25 Nov. 1997.

Decided 28 May 1999.

LT Omar R. Lopez, JAGC, USNR, Appellate Defense Counsel.

LT Margaret E. Jolly, JAGC, USNR, Appellate Government Counsel.

Before DORMAN, Senior Judge, ROLPH and PAULSON, Appellate Military Judges.

PAULSON, Judge:

Pursuant to his pleas, the appellant was found guilty at a special court-martial, military judge alone, of attempting to commit indecent acts on divers occasions with a child under 16 years of age, committing indecent acts with a child under 16 years of age, indecent assault, and disorderly conduct, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934 (1994). He was sentenced to 6 months confinement, forfeiture of $600 pay per month for 6 months, reduction to pay grade E–1, and a bad-conduct discharge. In his action, the convening authority approved only so much of the sentence as provided for 175 days confinement, forfeiture of $600 pay per month for 6 months, reduction to pay grade E–1, and a bad-conduct discharge and, except for the bad-conduct discharge, ordered it executed. Pursuant to a pretrial agreement, the convening authority suspended all adjudged forfeiture of pay for 6 months. He then waived the automatic forfeiture of pay for 6 months and directed payment of all such monies to the appellant's dependents.

We have carefully examined the record of trial, the appellant's sole assignment of error,[1] and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

A brief recitation of the pertinent facts is necessary to our discussion. In its case-in-chief during presentencing, the Government introduced Prosecution Exhibit 3.[2] Record at 49. The trial defense counsel interposed objections to several of the 34 pages which made up Prosecution Exhibit 3. Record at 49–65. As a result of the military judge's rulings and the withdrawal of portions of Prosecution Exhibit 3 by the trial counsel, the military judge ultimately indicated that he would consider only pages 1–7, 29–30, and 34. Record at 62, 64.

Subsequently, in mitigation, the trial defense counsel requested that the military judge relax the rules of evidence, pursuant to RULE FOR COURTS-MARTIAL 1001(c)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), in order to admit Defense Exhibits C–R. Record at 68. While granting the request, the military judge indicated that he would, likewise, relax the rules for the Government in rebuttal, pursuant to R.C.M. 1001(d). Record at 69.

After the appellant presented evidence in mitigation, the trial counsel was given an opportunity for rebuttal. He then offered the remaining pages of Prosecution Exhibit 3 which had either been withdrawn or excluded earlier. Record at 84. The trial defense counsel again interposed objections, specifically with regard to the "Confidential Psychological Evaluation" prepared by Dr.

Barnes. Prosecution Exhibit 3 at 8–17. The military judge then indicated:

> Well, *it's not just rebuttal.* I mean, what has happened here is he's offered the documents. Well, he withdrew the Doctor Barnes' letter, but basically he offered the documents and I found them not admissible based upon lack of authenticity, lack of foundation to demonstrate that they are admissible exceptions to the hearsay rule or otherwise are authentic as in the court record, for example. So you've asked that the rules of evidence be relaxed. I have granted that.
>
> Now, *I'm going to relax the rules of evidence for him as well not only for rebuttal, but going back to his aggravation evidence initially submitted.* If it is relevant for aggravation, that is to say *if it's relevant evidence for aggravation or if it now rebuts anything that the accused has offered,* I will permit it, unless you can convince me there's some reason not to.

Record at 85 (emphasis added).

The trial defense counsel restated his objection and argued that the relaxation of the rules under R.C.M. 1001(d) only applied to rebuttal evidence. Record at 85. The military judge disagreed, stating:

> *I don't think that's what the rule means.* I think the rule fairly means that *if the defense asks that the rules be relaxed for relevant evidence* and since the call is the defense's to make, the *court can then permit the government to relax the rules of evidence for relevant evidence, not just rebuttal.* I mean, typically it would be rebuttal, but splitting hairs of whether or not this is rebuttal evidence or merely relevant evidence, at this stage of the trial *I see no difference and I'm unwilling to*

1. THE MILITARY JUDGE ERRED IN CONSIDERING, OVER DEFENSE OBJECTION, IMPROPER REBUTTAL EVIDENCE.

2. Prosecution Exhibit 3 was 34 pages in length, and included the following documents: p. 1, Letter from Appellant entitled the "Dynamics of Molest and My Situation;" p. 2–7, Appellant's Statements to NCIS; p. 8–17, Confidential Psychological Evaluation by Dr. Thomas J. Barnes; p. 18–20, Document entitled "SFPD Report–Review of SM Manns' Statements and allegations of

abuse;" p. 21, Family Advocacy Center letter dated 21 August 1996 entitled "Case Review Committee Decision;" p. 22, Family Advocacy Center letter dated 17 August 1996 re: "Update/Current Status"of SM Manns; p. 23–30, Child Sexual Abuse Case Review Committee Recommendations and Reports; p. 31–33, Superior Court of San Diego—Application and Declaration for Court Order dated 25 November 1996; p. 34, Letter written by Appellant re: abuse allegations from victim's point of view.

*make any differentiation.* If it's relevant and *whether or not it tends to rebut,* I think the rule contemplates that the tendered evidence would be admissible.

*Id.* (emphasis added).

The trial counsel initially sought to clarify that the disputed portions of Prosecution Exhibit 3 were being offered as rebuttal evidence, but he soon adopted the military judge's view that it could come in under the relaxed rules as if it were in his sentencing case-in-chief. Record at 86. The military judge again reiterated his view of R.C.M. 1001(d):

> I think the evidence based on the rules being relaxed is permissible evidence on sentencing. *Whether or not it's rebuttal,* it looks like largely it is rebuttal, but *even if it is not, strictly speaking, rebuttal, I believe it's relevant and, therefore, properly admissible in these circumstances for the court to consider in determining an appropriate sentence.*

*Id.* (emphasis added).

Ultimately, after having recessed for deliberations but before announcing sentence, the military judge stated:

> Upon closer review of Prosecution Exhibit 3 I have determined that *the letter from Doctor Barnes from page eight to 17, Prosecution Exhibit 3, is permissible aggravation and rebuttal evidence and I have considered it.* However, pages 18 through 30, which appear to be various Family Advocacy officials' files and notes, I'm not going to consider and I'm going to exclude from evidence.

Record at 98 (emphasis added). He further indicated, "Similarly, I'm going to exclude pages 31 through 34.... Otherwise, I will consider the other portions of Prosecution Exhibit 3." *Id.*

### Presentencing Procedure

During presentencing, the Government may initially present only the following matters: service data from the charge sheet, personal data and character of prior service of the accused, evidence of prior convictions, evidence in aggravation, and evidence of the accused's rehabilitative potential. R.C.M. 1001(a)(1)(A).

The defense may present matters in extenuation and mitigation. R.C.M. 1001(c)(1). In addition, the accused may make a statement in any form. R.C.M. 1001(c)(2). The military judge may relax the rules of evidence with respect to matters in extenuation or mitigation and may admit letters, affidavits, certificates of military and civil officers, and other writings of similar authenticity and reliability. R.C.M. 1001(c)(3).

The prosecution may then rebut matters presented by the defense. The defense may also offer surrebuttal. If the rules of evidence have been relaxed as to matters in extenuation and mitigation, they may be relaxed in the same degree as to rebuttal and surrebuttal. R.C.M. 1001(d).

### Rebuttal

R.C.M. 1001(d) contains a clear and precise statement of the Government's right to present matter in rebuttal. Where the military judge has relaxed the rules of evidence for the defense under R.C.M. 1001(c)(3), those rules are also to be relaxed concerning rebuttal evidence. This relaxation, contemplated by R.C.M. 1001(c)(3) and, derivatively, by R.C.M. 1001(d) concerns "authenticity and reliability," rather than the scope of the evidence. *United States v. Wingart,* 27 M.J. 128, 134 (C.M.A.1988). We find no rationale within these rules which would authorize relaxation of the rules of evidence in a situation where the Government sought, through motion, to reopen its case in aggravation and the military judge granted that motion. The rules are not relaxed in that situation.

In *Wingart,* our superior Court addressed the issue of uncharged misconduct, which is also presented in the case before us, and noted:

> It might be nice for the sentencing authority in a court-martial to have access to evidence about misconduct of the accused for which he has never been charged or convicted and which was not "directly relating to or resulting from the offenses of which" he "has been found guilty." However, *to relax the rules of admissibility in this manner might generate "trials within*

*trials," require the presence of many additional witnesses, and protract the sentencing proceedings interminably.* This potential is especially likely when sentencing is by court members instead of by the judge—an occasion which does not arise in Federal district courts. *Moreover, there is some element of potential unfairness in such use of evidence of uncharged misconduct,* especially since the Government does not bear a heavy burden of proof with respect to such misconduct.

*Wingart,* 27 M.J. at 136 (emphasis added).

Our sister service court also addressed the issue of rebuttal evidence in *United States v. Delaney,* 27 M.J. 501 (A.C.M.R.1988):

The prosecution may rebut matters presented by the accused. R.C.M. 1001(b). *There is a substantial difference between evidence which may be initially introduced by the government relative to sentencing and that which it may properly present in rebuttal* to defense evidence. Normally, in the latter instance, the government has greater latitude to explain, clarify or contradict evidence presented by accused. *See United States v. Strong,* 17 M.J. 263, 266 (C.M.A.1984). Nevertheless, *even when rebutting evidence presented by the accused, there are limitations on the admissibility of evidence.*

*Delaney,* 27 M.J. at 503 (emphasis added).

The Army Court went on to state that "what the government cannot successfully introduce into evidence through the front door it cannot successfully introduce through the back door." *Id.* at 504 (citing *United States v. Brown,* 11 M.J. 263, 266 (C.M.A.1981)). Accordingly, we hold that during rebuttal, even if the rules of evidence are relaxed, the Government is limited to presenting **evidence which actually rebuts or refutes evidence presented by the defense.**

We must now determine whether the disputed portions of Prosecution Exhibit 3 at 8–17, were properly admissible as rebuttal evidence. Clearly, the military judge did not differentiate between matter in rebuttal and other relevant evidence. His failure to do so created the appellate issue before us. To resolve the issue, we look first to the evidence presented by the appellant. Significantly, we note that in his unsworn statement, the appellant indicated:

I regard the Navy's core values of commitment, honor and courage very seriously. I believe my service record reveals me to be of good character, solid skills and dedication. *I have tried throughout my life,* even during childhood, *to stay within the laws and regulations of this country.*

Record at 83 (emphasis added). We find that the appellant's statements were not merely "in the nature of an opinion" regarding his character, but rather constituted an assertion of fact that he was a life-long, law-abiding person. *See United States v. Partyka,* 30 M.J. 242, 246–47 (C.M.A.1990); *United States v. Cleveland,* 29 M.J. 361, 364 (C.M.A.1990).

■ Therefore, we find that it was appropriate for the Government to offer evidence of the appellant's prior uncharged misconduct to refute his claim. R.C.M. 1001(c)(2)(C). Dr. Barnes' report referenced numerous instances of misconduct that were not charged. Prosecution Exhibit 3 at 8–17. Some of this uncharged misconduct related directly to the charged offenses. For example, the appellant disclosed to Dr. Barnes that he had engaged in sexual abuse of his stepdaughter "beginning, I believe, in 1990" and ending in November 1995 on "approximately 100 occasions." Prosecution Exhibit 3 at 9. Other instances of uncharged misconduct did not relate to the charged offenses. For example, the appellant disclosed that he had "smoked marijuana, the last usage having taken place in approximately 1982." Prosecution Exhibit 3 at 10. Further, he disclosed that he had, during his marriage, "been unfaithful" to his wife. Prosecution Exhibit 3 at 11. He also admitted that he had engaged in sexual behaviors with women, "two of whom were prostitutes overseas, and two of whom were prostitutes in the United States." Prosecution Exhibit 3 at 11.

■ However, our review of Dr. Barnes' report discloses two references which were unquestionably outside the scope of proper rebuttal evidence. The appellant's admissions that he had viewed pornographic materials, including "magazines, X-rated movies"

and that he "watches pornographic videos," did not admit misconduct and did not rebut or refute any evidence presented by the appellant. Prosecution Exhibit 3 at 10, 11. Thus, the military judge's consideration of these two references was error. Nonetheless, we find no possible prejudice to the appellant resulting therefrom. The admission of this evidence was harmless error. Art. 59(a), UCMJ.

## Conclusion

Although the military judge abused his discretion by admitting evidence during rebuttal that did not rebut facts presented by the appellant, we find that this error did not materially affect the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ. Accordingly, we reject the appellant's assignment of error and affirm the findings of guilty and the sentence as approved by the convening authority.

Senior Judge DORMAN and Judge ROLPH concur.