UNITED STATES, Appellee,

v.

Clifton L. MANNS, Gunner's Mate (Guns) First Class, U.S. Navy, Appellant.

No. 99–0853.
Crim.App. No. 98–0641.

U.S. Court of Appeals for the Armed Forces.

Argued April 4, 2000.

Decided Sept. 25, 2000.

Sullivan, J., filed opinion concurring with reservation.

Cox, Senior Judge, filed opinion concurring in the result.

GIERKE, J., delivered the opinion of the Court, in which CRAWFORD, C.J., and EFFRON, J., joined. SULLIVAN, J., filed an opinion concurring with a reservation. COX, S.J., filed an opinion concurring in the result.

For Appellant: *Captain Curtis M. Allen,* USMC (argued); *Lieutenant Omar R. Lopez,* JAGC, USNR.

For Appellee: *Lieutenant Margaret E. Jolly,* JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler,* USMC, and *Commander Eugene E. Irvin,* USN (on brief).

Judge GIERKE delivered the opinion of the Court.

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of attempting to commit indecent acts, committing indecent acts, indecent assault, and disorderly conduct, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 USC §§ 880 and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 6 months, forfeiture of $600.00 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence, except for the confinement, which he reduced to 175 days. Pursuant to a pretrial agreement, the convening authority suspended the forfeitures for 12 months. The Court of Criminal Appeals affirmed the findings and sentence. 50 MJ 767 (1999).

Our Court granted review to determine whether the Court of Criminal Appeals erred by finding that appellant's unsworn statement, "I have tried throughout my life, even during childhood, to stay within the laws and regulations of this country," was an assertion of fact, subject to rebuttal. 52 MJ 481 (1999). For the reasons set out below, we affirm.

Appellant's responses during the plea inquiry and a stipulation of fact established that appellant committed numerous offenses against his stepdaughter, TM, over a 3-year period, while she was between the ages of 14 and 16. On two occasions, he attempted to pull TM on top of him for sexual gratification. On 17 or 18 occasions, he fondled and touched TM's breasts. On approximately 6 occasions, he watched TM take a shower.

Appellant made an unsworn statement during the sentencing phase of the trial. He told the military judge:

> I regard the Navy's core values of commitment, honor and courage very seriously. I believe my service record reveals me to be of good character, solid skills and dedication. *I have tried throughout my life, even during childhood, to stay within the laws and regulations of this country.*

(Emphasis added.)

In rebuttal, the prosecution offered Prosecution Exhibit 3, a 34-page document, which was received over defense objection. It included a psychological evaluation report reflecting that, during an interview with a clinical psychologist, appellant admitted using marijuana before enlisting in the Navy, committing adultery, using prostitutes on four occasions, and looking at pornography. Much of the report's narrative describes appellant's denials that he had ever participated in deviant sexual behavior other than the charged offenses. The report also contains appellant's admission that he is obsessed with sex. Finally, the report contains the psychologist's conclusion that appellant does not accept full responsibility for his behavior.

Defense counsel objected that the evidence was not proper rebuttal under RCM 1001(d), Manual for Courts–Martial, United States (1995 ed.).* The military judge admitted the evidence but declined to differentiate between rebuttal evidence and relevant sentencing evidence under RCM 1001(b)(4). He commented, "If it's relevant and whether or not it tends to rebut, I think the rule contemplates that the tendered evidence would be admissible." After further argument by counsel, the military judge ruled:

> I think the evidence based upon the rules being relaxed is permissible evidence on sentencing. Whether or not it's rebuttal, it looks like largely it is rebuttal, but even if it is not, strictly speaking, rebuttal, I believe it's relevant and, therefore, properly admissible in these circumstances for

---

* All Manual provisions are cited to the version applicable at trial. The current version is unchanged, unless otherwise indicated.

the court to consider in determining an appropriate sentence.

The Court of Criminal Appeals held that the reference to pornography was not proper rebuttal, but it found no prejudice from the error. 50 MJ at 770–71.

Appellant now argues that his statement that he "tried" to obey the law is not a statement of empirical fact that is capable of being proven true or false and, thus, is not subject to rebuttal. The Government argues that appellant made an assertion of fact, and that the rebuttal evidence was admissible to show that he did not try to obey the law. Alternatively, the Government asserts that any error in receiving the evidence was harmless.

RCM 1001(b)(4) allows the prosecution to present "evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." RCM 1001(c)(2)(A) authorizes an accused to make an unsworn statement during the sentencing proceedings. RCM 1001(c)(2)(C) prohibits cross-examination of the accused about the unsworn statement, but permits the prosecution to "rebut any statements of facts therein."

■ A military judge's decision to admit or exclude evidence is reviewed for an abuse of discretion. *United States v. Sullivan,* 42 MJ 360, 363 (1995). Sentencing evidence, like all other evidence, is subject to the balancing test of Mil.R.Evid. 403, Manual, *supra. United States v. Rust,* 41 MJ 472, 478 (1995). A military judge enjoys "wide discretion" in applying Mil.R.Evid. 403. *Id.* "Ordinarily, appellate courts 'exercise great restraint' in reviewing a judge's decisions under Rule 403." *United States v. Harris,* 46 MJ 221, 225 (1997), quoting *Government of the Virgin Islands v. Archibald,* 987 F.2d 180, 186 (3d Cir.1993). When a military judge conducts a proper balancing test under Mil.R.Evid. 403, the ruling will not be overturned unless there is a "clear abuse of discretion." *United States v. Ruppel,* 49 MJ 247, 250 (1998). This Court gives military judges less deference if they fail to articulate their balancing analysis on the record, and no deference if they fail to conduct the Rule

403 balancing. *See Government of the Virgin Islands v. Archibald, supra.* Because the military judge in this case did not conduct a Rule 403 balancing, we have examined the record ourselves. *United States v. Lebovitz,* 669 F.2d 894, 901 (3d Cir.1982), cited with approval in *Archibald, supra.*

■ In *United States v. Cleveland,* 29 MJ 361 (CMA 1990), the accused made an unsworn statement that included the following:

Although I have not been perfect, I *feel* that I have served well and would like an opportunity to remain in service, regain the trust and respect of my co-workers and supervisors. In deciding my case, I ask that you consider my entire record and personal situation and the fact that the decision you have will have an impact upon my wife and me for the rest of our lives.

29 MJ at 362 (emphasis added). This Court held that the accused's statement was not a statement of fact, but "more in the nature of an opinion—indeed, an argument[.]" 29 MJ at 364. Similarly, in *United States v. Partyka,* 30 MJ 242, 247 (CMA 1990), the accused's efforts to blame the victim and her parents for his sexual abuse was held to not be a "statement of fact" within the meaning of RCM 1001(c)(2)(C).

Unlike *Cleveland* and *Partyka,* this case involves appellant's assertion of fact that he had tried to obey the law. Thus, we hold that the prosecution was entitled to produce evidence that appellant had not tried, or at least had not tried very hard.

■ Turning to the question whether Prosecution Exhibit 3 was proper rebuttal, we hold that appellant's admission that he had used marijuana rebutted his assertion that he tried to obey the law all of his life. We further hold that appellant's admissions of adultery, use of prostitutes, and obsession with sex were admissible on two grounds. First, they rebutted his claim that he had tried to obey the law. Second, they were admissible under RCM 1001(b)(4) to show the depth of his sexual problems. *See United States v. Ciulla,* 32 MJ 186 (CMA 1991).

The question remains whether trial counsel's response to appellant's factual assertion

was "overkill," subject to exclusion under Mil.R.Evid. 403. *See United States v. Rust, supra.* Because this was a bench trial, the potential for unfair prejudice was substantially less than it would be in a trial with members. We are satisfied that the military judge was able to sort through the evidence, weigh it, and give it appropriate weight. *See United States v. Cacy,* 43 MJ 214, 218 (1995).

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring with a reservation):

Naturally, I completely agree with the majority's core holding in this opinion—that the unsworn statement of appellant, specifically:

> I have *tried* throughout my life, even during childhood, to stay within the laws and regulations of this country. [Emphasis added.]

opened the door to rebuttal by the prosecution. I agree because this was my exact position in *United States v. Cleveland,* 29 MJ 361, 364 (CMA 1990) (Sullivan, J., dissenting), where in my view, the appellant opened the door to rebuttal by his unsworn statement, specifically:

> I *feel* that I have served [my country] well. [Emphasis added.]

My only reservation is in the dicta portion of the present opinion. I cannot accept the majority's attempt to explain the different result in the majority holding in *Cleveland* (door not opened for rebuttal) and in the present case (door opened for rebuttal). This semantic contortion I do not accept. According to the majority, when someone says, "I feel I have served well,"—that is an *opinion* which would not allow rebuttal. But when someone says, "I have tried to stay within the law,"—that is a *statement of fact* which would allow rebuttal. Well, I think a reasonable person would hold that both statements (*i.e.,* "I feel" and "I have tried") say the same thing. In my view, both statements properly opened the door for the prosecution to give rebuttal evidence during the sentencing portion of these cases. *United States v. Cleveland, supra* at 364 (Sullivan,

J., dissenting). Other than this minor reservation, I concur in affirming this conviction.

COX, Senior Judge (concurring in the result):

The admission of the clinical psychological evaluation report to introduce statements of appellant that he had committed totally unrelated offenses was clearly erroneous in my view, for several reasons. First, in *Jaffee v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the Supreme Court recognized that there is a federal common law privilege regarding confidential communications to a psychologist. Although a majority of this court has denied servicemembers the very protection against intrusions into their private and confidential communications with their mental health counselors that their fellow citizens enjoy in every other federal court in the land, I would find the privilege exists. *See United States v. Rodriguez,* 54 MJ 156 (2000) (Gierke, J., joined by Cox, S.J., dissenting).

Second, the statement by appellant that "I have tried" to obey the law is an expression of a subjective belief by appellant, not a statement of fact. Judge Sullivan has hit the nail on the head in his separate opinion. There is no difference between "I feel" and "I tried." *See United States v. Cleveland,* 29 MJ 361, 364 (1990). The only problem is that Judge Sullivan got it wrong in *Cleveland.*

Third, this is an "unsworn" statement. The Government consistently wants to elevate an "unsworn" statement to the level of "evidence." I suggest that this desire to hammer an accused who is seeking mercy through his last desperate plea to the sentencing authority demonstrates a complete lack of confidence in military court members and military judges. The proper way to deal with an unsworn statement is for the military judge to give a proper instruction to the members regarding the accused's right of allocution, including a reminder to the members that the statement is "unsworn" and that the accused is not subject to cross-examination.

Fourth, it is clear that the prejudicial impact of any evidence of prostitution, adultery, and drug abuse ordinarily far outweighs any probative value in a case like this. Appellant was being sentenced for child molestation. That is serious enough. He should not be sentenced based upon his own confidential admissions that he used drugs or slept with prostitutes on four separate occasions. The admission of this evidence is outrageous. Indeed, under some circumstances, even if appellant had been convicted of these offenses and sent to jail, his convictions could not be used to enhance his sentence. *See Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980)

In spite of the fact that I am of the opinion that the admission of appellant's clinical record was erroneous, I am likewise convinced that because this was a military judge alone sitting as a special court-martial, the military judge was not improperly swayed by this erroneous material. Art. 59(a), UCMJ, 10 USC § 859(a).