# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Scott J. PARISH
### Food Service Specialist Second Class (E-5), U.S. Coast Guard

### CGCMS 24909
### Docket No. 1396

### 16 November 2015

Special Court-Martial convened by Commander, Sector Northern New England.  Tried at Boston, Massachusetts, on 24 January 2014.

| | |
|---|---|
| Military Judge: | CDR Eric D. Masson, USCG |
| Trial Counsel: | LT Robert W. Canoy, USCGR |
| Assistant Trial Counsel: | LCDR Michael C. Petta, USCG |
| Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Defense Counsel: | LCDR LaCresha A. Getter, USCG |
| Appellate Government Counsel: | LT Daniel Velez, USCGR |

### BEFORE
### McCLELLAND, KOVAC & SPOLIDORO
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of willfully disobeying a superior commissioned officer, in violation of Article 90, UCMJ; one specification of dereliction of duty, in violation of Article 92, UCMJ; one specification of making a false official statement, in violation of Article 107, UCMJ; and one specification of disorderly conduct, in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for 120 days, reduction to E-3, and a bad-conduct discharge.  The Convening Authority approved the sentence.  The pretrial agreement did not affect the sentence.

Before this court, Appellant has assigned the following errors[1]:

I. The military judge abused his discretion by admitting improper sentencing in aggravation.

II. The second DHS OIG complaint was not included in CGIS package for submission into evidence, constituting spoliation of evidence.

III. The lack of evidence in the record on whether Sector Northern New England followed Coast Guard policy regarding NJP awarded to Appellant.

IV. The condition of post-trial transfer of Appellant to serve the awarded confinement time adjudged the prior day violated Article 55.

There is a complete lack of evidence to support the second and fourth issues, which are summarily rejected. We discuss the other two issues, grant some relief on sentence, and otherwise affirm.

**Evidence in aggravation**

Appellant asserts that "portions of the victim impact statement [admitted before sentencing] contained uncharged misconduct including accusations of threatening behavior, assault, and other actions with which the appellant was not charged." He contends that the military judge erred in admitting the uncharged misconduct, because the prejudicial effect of the evidence outweighed its probative value.

According to a stipulation of fact, Prosecution Exhibit 1, Appellant had a dating relationship beginning in 2011 with a civilian woman, KG, who made several allegations of violence, stalking and unwanted contact against Appellant over the course of their relationship. In May 2012, KG obtained a protective order against Appellant in the local court. In June 2013, she filed a police report alleging that he had violated the order. In July 2013, Appellant was arrested on the resulting warrant. Shortly thereafter, a Coast Guard officer in Appellant's chain of command issued Appellant a military protective order protecting KG, which incorporated the local civilian protective order. In October 2013, Appellant violated both orders by visiting KG,

---

[1] "Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982)." (Assignment of Errors and Brief on behalf of Appellant at 6 n. 1.)

who initially allowed him to visit, but later called the police. Appellant was arrested and jailed for about two days before being released on bail.

Among the specifications of which Appellant, pursuant to his pleas, was found guilty in this case were a specification of unauthorized absence resulting from being in jail when he was scheduled to be on duty in October 2013, and a specification of violating the order of a superior commissioned officer, specifically the military protective order, in October 2013.

The Government offered into evidence Prosecution Exhibit 3 for Identification, a victim impact statement from KG relating to the order violation. Appellant objected to five portions of the statement. The first objected-to portion alleged that Appellant had lied in an online profile he had set up on a dating site that led to their meeting. The second included several allegations that Appellant had assaulted KG, threatened her, threatened harm to himself, and made what can be characterized as intimidating statements or gestures to her.[2] The third alleged that before the October 2013 incident, Appellant "had already been arrested once before for assaulting me." The fourth alleged, "After I got a protective order against [Appellant], he had his ex-wife continually come to the house I was nannying at, and I ultimately lost my job as nanny." The fifth called attention to two of the intimidating comments mentioned in the second portion and stated that they "will always stick with me."

The Government argued that these portions were background for the offense or otherwise directly relating to it, and therefore authorized by Rule for Courts-Martial (R.C.M.) 1001(b)(4), Manual for Courts-Martial, United States (2012 ed.). The Government also noted that parts of them were in the stipulation of fact.

A military judge's decision on the admission of evidence in aggravation is reviewed for abuse of discretion. *United States v. Ashby*, 68 M.J. 108, 120 (C.A.A.F. 2009) (citing *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009)); *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000) (citing *United States v. Sullivan*, 42 M.J. 360, 363 (C.A.A.F. 1995)). Even if

---

[2] Although it is not entirely clear, it appears that these allegations pertain to the period before KG obtained the protective order in 2012.

admissible under R.C.M. 1001(b)(4), sentencing evidence must pass the balancing test of Military Rule of Evidence (M.R.E.) 403. *Ashby*, 68 M.J. at 120; *Manns*, 54 M.J. at 166 (citing *United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995)).

In our view, the fourth objected-to portion of the victim impact statement did not relate to the offense, but it was not prejudicial. The other portions directly related to the offense and were proper evidence in aggravation within R.C.M. 1001(b)(4). Their probative value was not outweighed by a danger of unfair prejudice; although more specific, they were not significantly more prejudicial than the information in the stipulation of fact, and certainly not unfairly so. Furthermore, the adjudged sentence was not harsh; we are confident that the military judge in this judge-alone trial gave the evidence no more than due weight. *See Manns*, 54 M.J. at 167. The military judge did not abuse his discretion by admitting Prosecution Exhibit 3 in its entirety.

### NJP followed by court-martial for same offense

Appellant questions "whether Coast Guard policies were adhered to" when he was court-martialed for offenses for which he had already been awarded nonjudicial punishment (NJP). He does not elaborate on what policies he is referring to; the Government offers Paragraph 1.I. of the Coast Guard Military Justice Manual, COMDTINST M5810.1E, which reiterates R.C.M. 1001(c)(1)(B), stating that the defense may offer evidence of such prior nonjudicial punishment, and adds that "if presented, the sentencing authority must consider the prior punishment . . . when determining the court-martial sentence."

The Government also acknowledges *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989), which commands that an accused be given "*complete* credit for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for-stripe." *Id.* at 369.

"In a judge-alone trial, if the accused offers the record of a prior NJP for the purposes of evidence in mitigation during sentencing, the military judge will state on the record the specific credit awarded for the prior punishment." *United States v. Gammons*, 51 M.J. 169, 184 (C.A.A.F. 1999).

In this case, after Appellant delivered an unsworn statement before sentencing, the military judge asked defense counsel, "[Y]our client had indicated – he had mentioned NJP, was he – did he receive NJP for any of the charges to which he pled guilty . . . today?" (R. at 249.) Counsel responded, "Yes, he did, Your Honor, and the documents are in the PDR, and I was going to address that in argument that he has received punishment for some of these things." (*Id.*) The PDR indicated that Appellant had been reduced in grade from E-6 to E-5.

Although it was the Government that offered the PDR (service record) in evidence, the defense used it to argue, "To include those offenses in . . . the calculus of what is an appropriate punishment here is punishing him doubly for something that he's already accepted responsibility for twice." (R. at 261.) This defense argument, in our view, brings our case within *Gammons*'s requirement for the military judge to determine the credit to be awarded for the prior punishment. However, the military judge made no comment on the defense argument at that point or when announcing sentence. (R. at 264.)

In the absence of any indication that the military judge gave Appellant credit for the prior NJP, we will do so by restoring to him a "stripe" as credit for the "stripe" he lost.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. In view of the prior NJP, only so much of the sentence as provides for confinement for 120 days, reduction to E-4, and a bad-conduct discharge is affirmed.

Judges KOVAC and SPOLIDORO concur.



For the Court,

Sarah P. Valdes
Clerk of the Court