# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 NICHOLAS A. SOLT**
**United States Army, Appellant**

ARMY 20130029

Headquarters, 7th Infantry Division
Stefan A. Wolfe, Military Judge (trial)
Jeffrey Lippert, Military Judge (rehearing)
Major Christopher M. Ford, Acting Staff Judge Advocate (pretrial)
Major Jeri S. Hanes, Acting Staff Judge Advocate (post-trial)
Lieutenant Colonel James W. Nelson, Staff Judge Advocate (rehearing)

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Captain Heather L. Tregle, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Nathan S. Mammen, JA (on brief).

29 December 2016

---------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------

MULLIGAN, Senior Judge:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of conspiracy to steal military property of a value of more than $500, failure to obey a lawful order, false official statement, unauthorized sale of military property of a value of more than $500, wrongful possession of a Schedule III controlled substance, larceny of military property of a value of more than $500, and housebreaking in violation of Articles 81, 92, 107, 108, 112a, 121, and 130, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 892, 907, 908, 912a, 921, 930 (2006). The panel sentenced appellant to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The

convening authority approved the adjudged sentence and credited appellant with 214 days against the sentence to confinement.

This court affirmed the findings of guilty but set aside the sentence because the military judge abused his discretion when he allowed testimony regarding the sentence of appellant's co-conspirator to be presented to the panel. *United States v. Solt*, ARMY 20130029, 2015 CCA LEXIS 229, *16 (Army Ct. Crim. App. 28 May 2015) (mem. op.). We authorized a sentence rehearing, but in so doing limited the maximum punishment that could be approved by the convening authority to a punitive discharge, confinement for nine years and four months, forfeiture of all pay and allowances, and a reduction to the grade of E-1 in order to remedy a due process violation occasioned by the government's dilatory post-trial processing. *Id.* at *22.

On 23-24 November 2016, a panel of officer and enlisted members sitting as a general court-martial sentenced appellant to a bad-conduct discharge, confinement for seven years, and forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged.

In this Article 66, UCMJ, appeal, defense appellate counsel asserts the military judge abused his discretion by admitting during the sentence rehearing Discipline and Adjustment Board reports (D&A reports) accumulated by appellant while serving his original sentence to confinement.[1] Finding no error, we affirm the sentence.

**BACKGROUND**

At appellant's sentence rehearing, the government introduced seven JRCF Forms 4-4, Discipline and Adjustment Board Reports (D&A reports). The reports reflected incidents of misconduct and the resulting sanctions imposed against appellant while serving his original sentence to confinement at the Disciplinary Barracks at Fort Leavenworth, Kansas. The government offered the reports pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1001(b)(2) as "any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused." Defense counsel objected to the admission of the D&A reports under Military Rule of Evidence [hereinafter Mil. R. Evid.] 403, generally, and on the basis that the reports were not admissible as a personnel record under R.C.M. 1001(b)(2). Defense counsel also made several particularized objections under Mil. R. Evid. 403 to references of prior boards, appellant's pleas, and, in some of the D&A reports, the notation of sexual misconduct as the infraction under review.

---

[1] Appellant personally asserts seven assignments of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which, after due consideration, we find lack merit.

2

The military judge admitted the D&A reports, reasoning that the documents were maintained in appellant's correctional treatment file (CTF) in accordance with Army Reg. 190-47, Military Police: The Army Corrections System [hereinafter AR 190-47], paras. 10-5*a* and *b* (15 Jun. 2006), and therefore were, as a matter of law, "personnel records of the accused" within the meaning of R.C.M. 1001(b)(2). The admission of the records was subject to several redactions in each record to mask information that might suggest appellant's original sentence, such as the appellant's minimum release date from confinement, the number of prior Disciplinary and Adjustment boards, some of the infractions noted on the D&A report, appellant's pleas to the infractions, and appellant's good time credit. The military judge ordered any reference to "sexual misconduct" deleted from the records. The military judge left intact the dates of the incidents underlying the D&A reports, with the first incident occurring on 28 March 2013 and the final incident occurring on 24 February 2015. In so doing, the military judge reasoned that while these dates showed appellant was incarcerated for some period of time, they did not indicate the actual sentence adjudged at the original trial. The military judge did not set forth his rationale under Mil. R. Evid. 403 for admitting the D&A reports with these redactions.

During sentencing argument, neither the defense nor the government referenced or commented upon the D&A reports.

## LAW AND DISCUSSION

We review a military judge's decision to admit sentencing evidence for an abuse of discretion. *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000). "A military judge enjoys wide discretion in applying M.R.E. 403," and "[o]rdinarily, appellate courts exercise great restraint in reviewing a judge's decisions under Rule 403." *Id.* (citations and internal quotation marks omitted). "A military judge receives less deference if he fails to articulate his balancing analysis on the record and receives no deference is he fails to conduct the Mil. R. Evid. 403 balancing test at all." *United States v. Ponce*, 75 M.J. 630, 634 (Army Ct. Crim. App. 2016) (citing *Manns*, 54 M.J. at 166).

As an initial matter, we agree with the military judge that D&A reports, properly maintained, may be admissible under R.C.M. 1002(b)(2). That rule provides for the admission during presentencing of personnel records "made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused." AR 190-47 is such a Department of the Army Regulation. Paragraph 10-*5a,b* sets forth the requirements for establishing and maintaining a CTF for each inmate in the Army Corrections System and the contents of this file, to include D&A reports. We also note Army Regulation 27-10, Legal Services: Military Justice, para. 5-19*a*(11) lists as an example of a personnel record admissible under R.C.M. 1001(b)(2) "[r]ecords

relating to discipline and adjustment boards and other disciplinary records filed in corrections files in accordance with AR 190-47." We know of no case that addresses the admission of D&A reports made and maintained under AR 190-47 that were admitted under R.C.M. 1002(b)(2) over an objection by trial defense counsel.[2]

That, of course, doesn't end our inquiry. The military judge failed to articulate his analysis under Mil. R. Evid. 403 before admitting the D&A reports into evidence. Accordingly, we will afford his decision to admit these documents no deference.

In our view, the reports, as redacted and admitted, were misleading, confusing and did little to convey a true picture of appellant's performance or conduct while confined other than to show, perhaps, he committed some amorphous infractions. Without more substance, these D&A reports injected the potential risk of undue prejudice into the sentencing proceedings. We find, therefore, that the military judge abused his discretion in admitting these reports.

Notwithstanding the military judge's abuse of discretion, we hold that appellant was not materially prejudiced by the admission of the D&A reports. In examining prejudice, we must determine whether the admission of the documents substantially influenced the adjudged sentence. *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005). "In this evaluation, we 'weigh factors on both sides.'" *United States v. Hayward*, 73 M.J. 904, 908 (Army Ct. Crim. App. 2014) (quoting *United States v. Eslinger*, 70 M.J. 193, 201 (C.A.A.F. 2011)).

On one side, the panel considered evidence that appellant engaged in various sorts of infractions during a period while he was confined, and was in confinement from at least his original trial until 24 February 2015.

On the other side, the government presented evidence showing the nature, extent, and seriousness of appellant's offenses for which he was being resentenced. The members, so as not to know appellant's original sentence, were instructed that these offenses carried a significant maximum sentence to confinement of forty years and six months. The members nonetheless adjudged a sentence of seven years confinement, three years less than originally adjudicated. And finally, any impact of the admission of the D&A reports was muted by the fact that neither trial nor defense counsel referenced these exhibits during their sentencing arguments.

---

[2] In *United States v. Davis*, our Superior Court was presented with the issue of the admissibility of a Discipline and Adjustment Board Report as a "service record as a prisoner" under R.C.M. 1001(b)(2). 44 M.J. 13, 18 (C.A.A.F. 1996). The court declined to decide the issue and elected instead to apply a waiver analysis since trial defense counsel did not object to the admission of the document under this rule. *Id.* at 22.

Considering the record as a whole, we are confident the panel was not substantially influenced by the admission of the D&A reports in arriving at the adjudged sentence in the case.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

Judge FEBBO and Judge BURTON concur.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court