# United States Navy-Marine Corps Court of Criminal Appeals

―――――――――――――

**UNITED STATES**
Appellee

**v.**

**Payton A. CHAMORRO,**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 201700286**

Appeal from the United States Navy-Marine Corps Trial Judiciary.

Decided: 11 March 2019.

Military Judge:
Lieutenant Colonel Brian E. Kasprzyk, USMCR.

Sentence adjudged 13 June 2017 by a general court-martial convened at Marine Corps Air Ground Combat Center, Twentynine Palms, California, consisting of a military judge sitting alone. Sentence approved by convening authority: reduction to E-1, confinement for seven years,[1] and a dishonorable discharge.

For Appellant:
*Lieutenant Commander Derek C. Hampton, JAGC, USN.*

For Appellee:
*Captain Luke Huisenga, USMC;*
*Major Kelli A. O'Neil, USMC.*

―――――――――――――

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 30.2.**

―――――――――――――

[1] The Convening Authority suspended confinement in excess of 48 months pursuant to a pretrial agreement.

_____

Before FULTON, CRISFIELD, and HITESMAN,
*Appellate Military Judges.*

PER CURIAM:

The appellant was convicted, in accordance with his plea, of one specification of possession of child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2016).

In his sole assignment of error, the appellant contends that the military judge erred in admitting the table of contents and forward to "The Pedophile's Handbook" as aggravation evidence. We disagree.

## I. BACKGROUND

The appellant possessed 34 images of child pornography. In satisfying the terms of his pretrial agreement, the appellant entered into a stipulation of fact describing his offense and its circumstances. In this stipulation of fact, the appellant admitted to finding and electronically bookmarking "The Pedophile's Handbook."[2] This handbook describes itself as a "very important toolbox to have along with you when your [sic] about to find, befriend, and interact with children, especially sexually, all over the world."[3]

During presentencing, the government moved to admit "The Pedophile's Handbook" as evidence in aggravation. The appellant objected to the admission of the handbook on the grounds that it was improper aggravation evidence under RULE FOR COURTS-MARTIAL (R.C.M.) 1001(b)(4), MANUAL FOR COURTS-MARTIAL UNITED STATES (2016 ed.) (MCM) and that it failed the MILITARY RULE OF EVIDENCE (MIL. R. EVID.) 403, MCM balancing test. The military judge sustained the objection.

Later in the proceeding, as part of his presentencing case, the appellant made the following unsworn statement: "Through all of this, I never had the urge to engage in . . . any of the actions in those pictures. I would never, ever harm a child."[4] The government again offered "The Pedophile's Handbook," this time arguing that it tended to rebut the appellant's unsworn statement. The appellant again objected under R.C.M. 1001 and MIL. R. EVID. 403, but

_____

[2] Prosecution Exhibit (PE) 1.

[3] *Id.* at 3.

[4] Record at 56.

this time the trial judge overruled the objection and admitted the handbook as rebuttal evidence.

## II. DISCUSSION

We review a military judge's admission or exclusion of evidence for an abuse of discretion. *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010) (citations and internal quotation marks omitted).

During the presentencing proceedings, the prosecution may rebut matters presented by the defense. R.C.M. 1001(c)(2)(C). This rebuttal may include extrinsic evidence of prior conduct that rebuts assertions of fact in an accused's unsworn statement. *United States v. Cleveland*, 29 M.J. 361, 363 (C.M.A. 1990); *see also United States v. Driver*, 36 M.J. 1020 (N.M.C.M.R. 1993). "[T]he function of rebuttal evidence is to explain, repel, counteract or disprove the evidence introduced by the opposing party." *United States v. Wirth*, 18 M.J. 214, 218 (C.M.A. 1984) (citations omitted).

In evaluating the military judge's decision to admit the handbook, we must first determine whether the relevant part of the appellant's unsworn statement qualifies as a statement of fact under R.C.M. 1001(c)(2)(C). *Manns*, 54 M.J. at 166. Second, we must determine whether or not the probative value of the proffered evidence was substantially outweighed by its unfair prejudice. MIL. R. EVID. 403. We conclude that the appellant's statement, "Through all of this, I never had the urge to engage in . . . any of the actions in those pictures. I would never, ever harm a child," is a statement of fact within the meaning of R.C.M. 1001(c)(2)(C).[5] *See United States v. Partyka*, 30 M.J. 242, 247 (C.M.A. 1990). The government's rebuttal evidence tended to show that the appellant did in fact have a sexual interest in children. The appellant bookmarked material that purportedly contained guidance to self-identified pedophiles in "practicing sex with children"—including topics such as "Hunting Season" and "Penetration Training."[6] This evidence was introduced to prove that—at some point—the appellant did have an urge to engage in sexual acts with a child, and the bookmarked handbook provided him with a readily accessible primer on how to go about satisfying that urge.

---

[5] Record at 56.

[6] PE 3 at 1-2.

The appellant further argues that the probative value of "The Pedophile's Handbook" is substantially outweighed by unfair prejudice. A military judge enjoys wide discretion in applying MIL. R. EVID. 403. *United States v. Harris*, 46 M.J. 221, 225 (C.A.A.F. 1997). But the military judge's balancing test must be articulated on the record in order to receive this deference. *Manns*, 54 M.J. at 166. If the military judge's balancing test is not articulated on the record, then they will receive less deference. *Id*. On the other hand, if the military judge fails to conduct the balancing test required by Rule 403, then no deference is afforded his decision. *Id*. The military judge in this case does not appear to have conducted a balancing test. Consequently, we examine the record *de novo*. *Id*.

MIL. R. EVID. 403 allows the military judge to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. "Where a party opens the door, principles of fairness warrant the opportunity for the opposing party to respond, providing the response is fair and is predicated on a proper testimonial foundation." *United States v. Eslinger*, 70 M.J. 193, 198 (C.A.A.F. 2011).

We find that by affirmatively stating that he never had any interest in personally engaging in sexual acts with a child, the accused opened the door to evidence tending to demonstrate that he did have such an interest. The offered evidence fairly responded to the appellant's statement. Additionally, the appellant was tried by a military judge alone, and was at less risk for unfair prejudice. *See Manns*, 54 M.J. at 167. We find that the probative value of the government's rebuttal evidence is not substantially outweighed by the danger of unfair prejudice.

## III. CONCLUSION

Having carefully considered the appellant's assigned error, the record of trial, and the parties' submissions, we conclude the findings and sentence are correct in law and fact and that no error materially prejudiced the appellant's substantial rights. Arts. 59(a) and 66(c), UCMJ. Accordingly, the findings and sentence **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

4